Milton E. Clark, *et al., vs.* William S. Reyburn.

By the common law, the mortgagee of land for the purpose of protecting and inforcing his lien against the mortgagor, has the remedies of an owner, but except as to such remedies and as to all persons, except the mortgagee, the mortgagor in possession is to be regarded as owner of the estate, subject to a mere lien.

Our legislature, (*Compd. L.* 355, § 12,) has still further restricted the rights of the mortgagee, by praiding that "in absence of stipulations to the contrary, the mortgagor of real ctate may retain the right of possession thereof."

The defendant in error was assignee of a mortgage against the land of one Brown. After making the mortgage, Brown placed a house on the land, and after the maturity of the mortgage, but before its foreclosing, still being in possession, he sold and delivered of from the mortgaged premises the house to the plaintiffs' vendors.

*Held,* that defendant in error could not maintain replevin against plaintiffs in error for the house.

A statement of the facts of the case appears in the opinion of the chief justice.

*W. P. Gambell,* for plaintiffs in error.

I. The court erred in refusing to submit to the jury, under proper instructions, the question whether the house was a part of the realty or was a fixture. (*Cowen vs. Kyler*, 27 *Mo.,* 122;

*Ombony vs. Jones,* 19 *N. Y.,* 234; *Grand Lodge vs. Knox,* 27 *Mo.,* 315.)

II. The court should have instructed the jury as requested in the plaintiffs' third prayer for instruction. (19 *New York,* 234.)

III. The court should have given the third and fourth instructions prayed for. If the mortgagor, while in possession of the mortgaged premises, and before foreclosure and sale, and before the mortgagee took possession after conditions broken, severed the house from the premises, and removed the same therefrom, and sold it to C. G. & Co., or those under whom they claim, for a valuable consideration, and C. G. & Co. were in possession when this suit was brought, then the jury should have been instructed to find for the defendants below. Until foreclosure and sale, or possession taken after conditions broken, the mortgage was a mere security for the debt—a chattel in trust. The property was still in the mortgagor. (*Calkins vs. Calkins,* 3 *Barb.,* 305; *Wilson vs. Troup,* 2 *Cow.,* 195; 19 *Johns.* 325; 21 *Wend.,* 467, 525, 534; 26 *Wend.,* 554; *Waring vs. Smitts,* 2 *Barb. Ch. R.,* 135; 5 *Wend.,* 615; 3 *Gibbs, Mich.,* 581; 3 *Johns. Cases,* 329; 1 *Johnson,* 590; 4 *id.* 41, 42; 15 *id.* 319; 14 *Wend.,* 235; *Cooper vs. Davis,* 15 *Conn.,* 556; *Gardner vs. Hear,* 5 *Denio,* 232.)

IV. The remedy was by injunction to prevent the removal of the property, and the defendants in error having neglected to avail themselves of this remedy, they cannot maintain the action. (*Cooper vs. Davis,* 15 *Conn.,* 556.)

V. Even in those states where the title of the mortgagor is looked upon with more favor, he cannot recover in trespass, or for mesne profits against the mortgagor until actual entry, made after condition broken. (*Parsons vs. Mills,* 17 *Mass.,* 419; *House vs. Leves,* 14 *Pick.,* 329; *Fidd vs. Swan,* 10 *Metc.,* 112; 11 *Mass.,* 469.)

VI. The court erred in charging the jury that the house was a part of the realty. (*See authorities cited under the first point.*)

No counsel for defense.

By the Court, COBB, C. J.   The defendant in error brought his action in the district court against the plaintiffs in error to recover a dwelling house as personal property; alleging in the petition that he is the owner thereof, and the defendant detains the same and recovered judgment.

The undisputed facts of the case are these:

One Brown and his wife mortgaged a parcel of land to Amos Rees, and the plaintiffs below afterwards became the owners of the mortgage by assignment, and after the making of the mortgage, said Brown placed a house on the land, and after the money secured by the mortgage became due, and before foreclosure, still being in possession, he and his wife sold the house to one Mrs. Fritzlin, who sold it to the defendants below, and removed and delivered it to them off the mortgaged premises.   They held possession under her title, and the mortgage had not been paid nor foreclosed when the action was commenced.   The judgment must be founded on the hypothesis that the plaintiff below, by virtue of his mortgage, was the owner of the freehold of which the house in question was a part, and that the removal of the house converted it to a chattel without divesting his title.   Is that hypothesis correct?

It has long been settled, both in this country and in England, that the mortgagor, both before and after breach of the condition of the mortgage, is, in equity, the owner of the estate, and the mortgage a mere security for a debt   (*Sse Kent's Com., Vol.* 4, *p.* 158, *et seq.*)

The rule at law has been the subject of much judicial discussion and conflict of opinion.   But it is believed to be the settled modern doctrine that the mortgagor in possession is, at law, both before and after breach of the condition of the mortgage, the legal owner, as to all persons except the mortgagee and those claiming under him.   And in states where the com-

mon law on that subject has not been changed by statute, the mortgagee, for the purpose of protecting and enforcing his lien against the mortgagor, has the remedies of an owner, he may enter into and hold possession and take the rents and profits in payment of his mortgage debt, and may have his action of ejectment to recover such possession, and hence is sometimes called the owner.    But except as to such remedies, and as to all persons except the mortgagee, the mortgagor in possession is to be regarded and treated as the owner of the estate, subject to a mere lien or charge.   (4 *Kent's Com. p.* 160 ; *Perkins vs. Dibble,* 10 *Ohio,* 438 ; *Rallston vs. Hughes,* 13 *Ill.,* 568 ; *Howard vs. Robinson,* 5 *Cush.,* 123 ; *Norwich vs. Hubbard,* 22 *Conn.,* 587 ; *Astor vs. Hoyt,* 5 *Wend.,* 615.)

And in this state the legislature has not enlarged, but still further restricted the rights of the mortgagee, by providing that "in absence of stipulations to the contrary, the mortgagor of real estate may retain the right of possession thereof." (*Com. Laws, p.* 355, § 12.)

According to the principles above laid down, it is manifest that the allegation of the petition below, that the plaintiffs is the owner of the house, was entirely unsupported by the facts appearing on the trial.

Nor is this objection to the judgment technical.

If such an action can be maintained, a mortgagee may recover from the purchasers all the timber, stone or other property severed from the realty and sold by the mortgagor, though its value may exceed the mortgage debt an hundred fold, and however ample the security may remain; although it is quite clear on principle and authority that the purchaser of property so removed by the mortgagor, can not be liable in an action *for the waste* beyond the actual loss the mortgagee thereby sustains.   (*Van Pelt vs. M'Graw,* 4 *Conn.,* 110; *Gardner vs. Heartt,* 3 *Denio,* 232; *Lane vs. Hitchcock,* 14 *Johns.,* 213, 15 *Johns.,* 205.)

The other points made in the case need not be examined.

The judgment of the district court must be reversed, and the cause remanded to the court below, with directions to render judgment for the plaintiffs in error for their costs in that court.