THOMAS J. VANDERSLICE, *Receiver, &c.,* V. REUBEN
KNAPP, *et al.*

1. FIXTURES; *Severance from Realty, by Owner; Mortgagee of Realty, No
Title.* R. mortgaged to S. certain land on which was a grist-mill, and in
which mill were certain fixtures. Afterward R., for the purpose of de-
frauding S., severed said mill-fixtures from the mill, and sold and deliv-
ered them to K., who purchased and received the same for a like
purpose. *Held,* That said mill-fixtures belonged to R. until he sold
them to K., and that they never became the property of S., and that
neither S., nor any person claiming under him, can maintain replevin
against R. for them.

2. RIGHTS OF MORTGAGOR *of Real Property; Impairing Security; Rights
of Mortgagee.* A mortgagor of real estate has the right to the possession
of the mortgaged property, and to sever and remove timber, wood, sand,
earth, coal, stone, or anything else, therefrom, and to sell the same,
unless it unreasonably impairs the mortgage security. When it impairs
the mortgage security, the remedy of the mortgagee is not at law, but
in equity; not replevin to recover the property severed from the realty,
but generally injunction, to restrain the commission of waste upon the
realty.

### *Error from Doniphan District Court.*

ALL necessary facts are presented in the subjoined opinion.
The district court gave judgment in favor of defendants, at
September Term 1875, and plaintiff brings the case here.

*W. D. Webb,* for plaintiff.

*Albert Perry,* and *Nathan Price,* for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought
by Vanderslice as receiver, etc., against Reuben Knapp, A. J.
Selover, and John D. Hier, for the recovery of certain mill-
fixtures. The petition alleges in substance as
follows: Jonathan Rigby owned certain land, on
which was a grist-mill, and in which mill were said fixtures.
Rigby, on 15th September 1874, mortgaged said property to
the St. Joseph & Kansas Loan and Building Company, to

<span style="font-size:small">Statement of
the case.</span>

secure the sum of $5,000. Whether said mortgage is yet due, and whether the property is worth $5,000, or $500,000, or any other amount, is not stated in the petition. Afterward, Rigby, for the purpose of defrauding said loan and building company, severed said mill-fixtures from the mill, and sold and delivered them to the defendants, Knapp, Selover, and Hier, who purchased and received the same for a like purpose. Afterward said company commenced an action against Rigby, Selover, and others. What kind of an action this was, and for what purpose it was commenced, is not stated in the petition. But in such action the plaintiff, Vanderslice, was appointed a receiver, "and as such receiver was duly authorized and empowered to bring this present action, and all other proper actions, to recover possession of" said mill-fixtures. Afterward he brought this action of replevin against Knapp, Selover, and Hier, to recover said mill-fixtures. He alleged the foregoing facts in his petition, and also alleged as a conclusion therefrom that he had "a special ownership and interest in" said mill-fixtures, and that he was "entitled to the immediate possession thereof." He also alleged that the defendants then had the possession of the said mill-fixtures, and that they wrongfully and unlawfully detained the same from him, although he had demanded the same from them, and he prayed for a judgment for the recovery of said property. The defendants demurred to this petition, on the grounds—"*first*, that plaintiff has not legal capacity to sue; *second*, that said petition does not state facts sufficient to constitute a cause of action." The court below sustained this demurrer, and the plaintiff now brings the case to this court for review.

The judgment of the court below must be affirmed. Rigby was the owner of said land and mill-fixtures, both before and after said mortgage became due, (if it has become due, but it has not been shown or stated whether or not it has become due,) until he sold the fixtures to the defendants, when the fixtures probably became the property of the defendants. But

1. Removal of fixtures by mortgagor of land; title, after severance.

at no time did the land, or the mill, or the fixtures, become the property of the mortgagee, or any person holding or claiming under the mortgagee. (*Chick v. Willetts*, 2 Kas. 385, 391.) While Rigby was the owner of the property he could lawfully sever the fixtures from the mill, and sell them to the defendants, or to any other person, without their becoming the property of the mortgagee, or any person claiming under the mortgagee. (*Clark v. Reyburn*, 1 Kas. 281; *Cooper v. Davis*, 15 Conn. 556.) A mortgagee is a mere lien-holder; and, whether he shall ever own any part of the mortgaged property, or not, depends upon whether the mortgage shall ever be foreclosed in the district court, and whether he shall be the successful bidder at the sheriff's sale of the property. Any other person has just the same right to bid on the property and to purchase it, that he has. A mortgagor of real estate has the right to possession of the mortgaged property, and the right to sever and remove the timber, wood, sand, earth, coal, stone, or anything else, therefrom, and to sell the same, unless it unreasonably impairs the mortgage security; and when it impairs the mortgage security the remedy of the mortgagee is not at law, but in equity; not in replevin to recover the property severed from the realty, but generally injunction to restrain the commission of waste upon the realty. The facts of this case however would not sustain any action, either at law or in equity; for it does not appear from the petition that the mortgage security has been unreasonably impaired. The mortgage-debt appears to be $5,000, and interest; but the mortgaged property, without said fixtures, may be worth ten or twenty times that amount.

The judgment of the court below will be affirmed.

All the Justices concurring.