The opinion of the court was delivered by
Horton, C. J.:
This action was tried by the court below without the intervention of a jury, upon thfe following agreed statement of facts:
“ 1st. That Mary A. Tinney and Truelove Tinney, on the first day of July, 1878, made and delivered to Howard M. Holden, their promissory note for $1,932,-secured by a mortgage on the south half of section two, township seven, range two, east, in Clay county, Kansas, as stated in this petition; that said mortgage was duly recorded ¡in the office of the *71 register of deeds, Clay county, Kansas, on the 18th of July, 1878; and that thereafter, said note and mortgage were duly indorsed, signed, and delivered to said plaintiff, A. A. Tomlinson.
“2d. That on the 20th day of March, 1879, the said A. A. Tomlinson commenced a suit iu the district court of Clay county, Kansas, against the said Mary A. Tinney and Truelove Tinney on the said note and mortgage, and on the 9th of May, 1879, recovered a judgment in said court against the said Mary A. and Truelove Tinney, on said note for $1,981.30, with interest from date of judgment, at ten per cent, per annum, and costs of suit, amounting to $48.05, and also a decree foreclosing said mortgage, and an order to sell the above-described lands and tenements to satisfy said judgment and costs, and execution for any balance.
“3d. That pursuant to said judgment and decree, and on an order of sale issued by the clerk of said district court, the ■sheriff of said Clay county, after .causing said lands to be duly appraised and advertised, oh the 7th of July, 1879, said sheriff publicly offered said lands and tenements for sale to the highest bidder, according to law, and at said last-named date sold the same to A. A. Tomlinson, plaintiff, for the sum •of $1,400, that sum being the highest bid offered, and over two-thirds of the appraised valuation, which sale was afterward, September 17, 1879, duly confirmed by said district ■court of Clay county, and said sheriff ordered to make and deliver to said Tomlinson, the purchaser, a deed therefor, which deed was thereafter so made and delivered.
“4th. That after the payment of costs in said foreclosure suit, and application of proceeds on the said judgment, there still remained due said plaintiff on said judgment the sum of $732.35, which has not been paid by said Mary A. Tinney, Truelove Tinney, or any one for- them; that after the sale of said lands and tenements aforesaid, the said A. A. Tomlinson caused an execution to issue against the said Mary A. and Truelove Tinney, directed to the sheriff of said Clay county, for the balance due on said judgment, which execution was returned by the sheriff, ‘No goods, chattels, lands or tenements’ upon which a levy could be made; that said Mary A. Tinney and Truelove Tinney are now, and have been ■since rendition of said judgment, insolvent, and not possessed of any property out of which the balance of said judgment could be made.
“5th. In the month of April, 1879, the house situated on *72 the mortgaged premises was sold by the said Mary A. and Truelove Tinney to one C. W. Lindner, and while being moved off the mortgaged land, and when on the land of the said defendant D. N. Thompson, adjoining the mortgaged lands of said Tinney, was purchased from said Lindner by the said defendant Thompson, in said month of April, Í879.
“6. At the time of said purchases, both Lindner and Thompson had actual knowledge of the mortgage lien aforementioned on said lands and tenements, and that said house was removed off said mortgaged premises.
“7th. Both Lindner and Thompson paid full value for said house.
“8th. Said house, at the time it was moved off said mortgaged lands, was worth $400.”
The district court rendered judgment for the defendant for costs, and the plaintiff brings the case here.
We think that the judgment must be affirmed, because the action of the plaintiff is not maintainable. It appears from the record, that while Thompson had actual knowledge of the mortgage lien of the plaintiff on the lands of the Tinneys, he did not purchase the house in controversy until it had been removed from the. lands, and that he paid full value therefor. The judgment in the foreclosure action was not recovered until after the purchase; and at the time of the purchase it does not appear that Thompson had any knowledge of the insolvency of the Tinneys, or that plaintiff would be defeated in the recovery of all his claim by the removal of the house. It does not appear that Thompson acted fraudulently, or that he intended to injur’e the plaintiff or anyone else. We do not see that he was guilty of either moral or legal fraud, and therefore the case of Yates v. Joyce, 11 Johns. 136, is not applicable. While the decisions in Clark v. Reyburn, 1 Kas. 281, and Vanderslice v. Knapp, 20 Kas. 647, are based upon facts somewhat different from those disclosed in the record, the principles therein declared virtually control this case. We have examined Van Pelt v. McGraw, 4 N. Y. 110, and all the other cases, cited by counsel for plaintiff, and notwithstanding the views therein expressed, we think the rule here adopted the proper one. In Cooper v. Davis, 15 *73 Conn. 556, it was held that where A. executed to B. a mortgage of certain real estate upon which there was a grist mill, and B. obtained against A. a decree of foreclosure and a judgment in ejectment for the possession, but before the expiration of the time limited for redemption, and before B. had taken possession under the judgment or otherwise, A. severed the stones from the mill and sold them to C., and B. having afterward found them, took possession of them as his own property, that C. was entitled to recover in an action of trover against B. for the mill-stones. See also Buckout v. Swift, 27 Cal. 433; King v. Smith, 2 Hare, 239; Pierce v. Goddard, 22 Pick. 559; Citizens’ Bank v. Knapp, 22 La. An. 117; Challis v. Stearns, 22 N. H. 312. In Vanderslice v. Knapp, supra, Mr. Justice Valentine, speaking for the court, says:
“A mortgagor of real estate has the right to possession of the mortgaged property, and the right to sever and remove the timber, wood, sand* earth, stone, or anything else, therefrom, and sell the same, unless it unreasonably impairs the mortgage security; and when it impairs the mortgage security, the remedy of the mortgagee is not at law, but in equity;not in replevin, to recover the property severed from the realty, but generally by injunction to.restrain the commission of waste upon the realty.”
The judgment of the district court will be affirmed*;
Valentine, J., concurring.