GEORGE S. HOWARD *et al.* v. E. D. EDDY *et al.*

No. 8148.

1. JUDGMENT—*Injunction against Enforcement.* The extraordinary remedy of injunction cannot be employed to correct erroneous rulings made in another case, nor to enjoin the enforcement of a judgment where the rights of the parties complaining might have been protected in the original action.

2. ——— *Insufficiency of Evidence.* A statement in the nature of a conclusion, which does not show any of the facts or circumstances upon which it rests, does not rise to the rank of testimony, and is insufficient to sustain an application for injunction.

*Error from Cowley District Court.*

ACTION by George S. Howard and others against E. D. Eddy and another to enjoin the enforcement of a certain judgment. Plaintiffs bring here for review an order dissolving a temporary injunction. The facts are stated in the opinion herein, filed March 7, 1896.

*Pollock & Love*, for plaintiffs in error.

*Joseph O'Hare*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: On December 20, 1890, in the district court of Cowley county, E. D. Eddy recovered a judgment against George S. Howard, Charles A. Howard, T. H. McLaughlin, and some other parties, for $1,969.33. Subsequently an execution was issued for the enforcement of the judgment, and on December 9, 1891, on the application of the above-mentioned debtors, the probate judge of Cowley county, without notice to the opposing parties, granted a temporary injunction to prevent the enforcement of the judgment. Soon afterward a motion was made in the

district court to dissolve the injunction, upon the grounds that it was issued without notice, without sufficient evidence, that the petition on which the injunction was granted was not properly verified, and that the facts set forth in the petition did not entitle the parties to an injunction. The motion was allowed and the injunction dissolved, but the ground upon which the ruling was based is not stated.

The ruling of the court must be sustained. The temporary injunction was inconsiderately granted upon a verified petition. It is not necessary that the affidavit in support of the application for the injunction should be a separate, independent paper. If the petition sets forth the necessary facts, and is properly sworn to, an order may be allowed thereon. When used for that purpose it must state facts with the detail and particularity that are required in an affidavit or deposition. ''When a verified petition is used as an affidavit, its allegations must be construed as those of an affidavit, and must be such statements of fact as would be proper in the oral testimony of a witness. Allegations which are simply conclusions of law, whether sufficient or not as matter of pleading, are incompetent as testimony.'' (*Olmstead v. Koester*, 14 Kan. 463.) See, also, *City of Atchison v. Bartholow*, 4 Kan. 124; *Center Township v. Hunt*, 16 id. 430. Measured by this rule, the averments of the petition were insufficient to sustain the application. Many of the statements in the petition would have been inadmissible as testimony, and altogether they fail to establish equitable ground for relief.

That there was jurisdiction in the court rendering the judgment is clearly shown, and the matters complained of in respect to the filing of amended pleadings and joining issues are, at most, irregularities which

may be revised on error. The extraordinary remedy of injunction cannot be employed to correct merely erroneous rulings, nor to prevent the enforcement of a judgment, where the rights of the party complaining might have been protected in the original action. No reason is alleged why they did not avail themselves of the ordinary remedies in the original action, and it does not appear that they were hindered in doing so by the wrong of the defendants. When this proceeding was brought, the time had not yet expired within which the judgment might have been taken to an appellate court for review. Only one equitable consideration was attempted to be presented as a basis of an injunction, but it was only the naked conclusion that, for a valuable consideration, Eddy had agreed not to enforce the judgment against the plaintiffs. A statement of this kind which does not show when the promise was made, what the consideration therefor was, nor any of the facts or circumstances upon which the conclusion rests, does not rise to the rank of testimony, and is wholly insufficient to sustain an application for an injunction. It is clear that the plaintiffs did not present a case authorizing the court to interpose by injunction to prevent the enforcement of a judgment that appears to be valid.

The judgment of the district court will be affirmed.

All the Justices concurring.