[L. A. No. 672.   Department Two.—June 25, 1900.]

## J. W. SMITH et al., Respondents, *v.* STEARNS RANCHO COMPANY et al., Appellants.

INJUNCTION—AMENDED COMPLAINT—AFFIDAVIT—CONSTRUCTION OF CODE. Under section 527 of the Code of Civil Procedure, providing that "the injunction may be granted at the time of issuing the summons upon the complaint, and at any time afterward before judgment upon affidavits," it cannot be objected that the court was without jurisdiction to grant an injunction upon a verified amended complaint, which is an affidavit, and may be used as such.

ID.—WATER RIGHTS — DISTRIBUTION FROM CANAL — INVALID ASSESSMENTS—RESTRAINING INTERFERENCE—PLEADING.—In an action by the owners of land planted to fruit trees, a complaint showing their right to the distribution and delivery of water from a canal, for necessary irrigation of their trees, which would die without it, and seeking to enjoin the canal company from interfering therewith, which it is alleged they are threatening to do, to plaintiffs' irreparable injury, for nonpayment of assessments for items specified therein, and alleged not to be proper charges for maintaining or repairing the canal, and averring readiness to pay such portion of the assessments as may be found due, sufficiently shows that the damages from the threatened injury would be irreparable, and is not objectionable for not stating the quantity of water owned by the plaintiffs, or for not sufficiently showing the wrongfulness of defendant's claims, or the relative rights of the parties.

ID.—JOINDER OF PARTIES PLAINTIFF—TENANCY IN COMMON.—The plaintiffs were entitled to sue together, as being tenants in common of the ditch, notwithstanding their several ownership of lands and of the right of irrigation thereof.

ID.—GROUNDS OF INJUNCTION—IMMATERIAL OBJECTIONS.—Where the grounds of the injunction were that plaintiffs were part owners of the canal, and that defendant threatened to deprive them of the use of it, the other objections urged to the complaint are immaterial.

APPEAL from an order of the Superior Court of Riverside County refusing to dissolve an injunction.   J. S. Noyes, Judge.

The facts are stated in the opinion.

E. W. McGraw, Shirley Ward, and Frank D. Lewis, for Appellants.

The complaint does not show irreparable injury. *(Branch Turnpike Co. v. Yuba County,* 13 Cal. 190; *Richards v. Kirkpatrick,* 53 Cal. 433.) There is no sufficient segregation of improper charges or tender of the proper charges. *(Esterbrook v. O'Brien,* 98 Cal. 671.) He who seeks equity must do equity. (Pomeroy's Equity Jurisprudence, secs. 385, 391, 937; *Hughes v. Davis,* 40 Cal. 117; *Burham v. San Francisco Fuse Co.,* 76 Cal. 26.) The complaint does not state the amount of water owned by plaintiffs. The relative rights of the parties are not shown, and there is a misjoinder of parties plaintiff. The court was without jurisdiction to grant the injunction on the amended complaint. (Code Civ. Proc., sec. 527.)

Purington & Adair, and John G. North, for Respondents.

The amended complaint was a sufficient affidavit, and may be read as such on application for an injunction. *(Atchison v. Bartholow,* 4 Kan. 124; *Howard v. Eddy,* 56 Kan. 498, and cases cited; 2 Century Digest, 6.) The destruction of plaintiffs' fruit trees as the result of the threatened acts of the defendants shows irreparable injury. (High on Injunctions, sec. 727; *Daubenspeck v. Grear,* 18 Cal. 444.) No old payment was required to be tendered to prevent the shutting off of the water supply. *(Wood v. Auburn,* 87 Me. 287.) The allegation of readiness and willingness to pay claims settled by the court was sufficient. *(Penny v. Rosendale Union Car Co.,* 4 Am. & Eng. Corp. Cas. 71; 10 Ency. of Pl. & Pr. 933, 936.) It is only a claim admitted to be justly due that is required to be tendered before suit. (1 High on Injunctions, sec. 497.) When there is a controversy as to the indebtedness, and at least something of an overcharge, injunction will lie to prevent the cutting off of supply. *(Sickles v. Manhattan etc. Co.,* 66 How. Pr. 314.) The plaintiffs were entitled to sue together as tenants in common. (Code Civ. Proc., sec. 384; *Foreman v. Boyle,* 88 Cal. 290; *Churchill v. Lauer,* 84 Cal. 233.)

SMITH, C.—Appeal from an order denying defendant's motion to dissolve an injunction *pendente lite* restraining defendant "from stopping the flow in the North Riverside and Jurupa canal of the water of the hereinafter named persons and plaintiffs, and from interfering in any way with the dis-

tribution and delivery of the said water to the said persons, and from in any way preventing the said persons from turning into the said canal and conveying there through and recovering therefrom their said water, the same being the number of inches of said water, measured under a four-inch pressure, hereinafter set opposite the names of said persons and plaintiffs respectively."

There is attached to the order a list of the plaintiffs, fifty-five in number, with the amount of water pertaining to each opposite their names respectively—the whole aggregating two hundred and forty-two inches.

The case comes up on a bill of exceptions, in which it is stated that the papers used on the hearing of the motion consisted of the amended complaint, order of injunction, and motion to dissolve, which are set out in the bill.

The facts on which the injunction was granted, as they appear in the second count of the amended complaint, were substantially as follows: Each of the plaintiffs is the owner of certain water flowing in the county of San Bernardino, and of a certain undivided share of the canal known as the North Riverside and Jurupa canal, and of the carrying capacity therein and of the right to carry water therethrough. The plaintiffs own lands in San Bernardino county planted to fruit trees, etc., and irrigated with the water belonging to them as aforesaid, which is conducted to the lands by means of the canal, and have no other means of irrigating the same; and without the use of these means their trees will die, etc.

The defendants claim the right to control and operate the canal, and to collect from plaintiffs certain assessments solely for the necessary expenses of maintaining and repairing the canal; and claim that certain assessments are due from the plaintiffs, and threaten to prevent the water of the plaintiffs from flowing in said canal for nonpayment of the assessments, which, it is alleged, would result in great and irreparable injury to them.

The assessments made by the defendant include numerous items, specified in the complaint and alleged not to be proper charges for maintaining or repairing the canal, and it is alleged that there are others of the same character which the plaintiffs are unable to specify; and plaintiffs aver that they are ready

to pay such portion of the assessments as may be adjudged to be a lawful charge, etc.

It is objected by the appellants' counsel that the injunction was granted after issuing of summons upon the amended complaint alone, and that the court was therefore without jurisdiction to grant it. The objection rests upon the language of section 527 of the Code of Civil Procedure, which is that "the injunction may be granted at the time of issuing the summons upon the complaint, and at any time afterward before judgment upon affidavits."

Whether the injunction was granted before or after the issuing of summons does not appear on the record; but, waiving this, it is a sufficient answer to the objection to say that the amended complaint was itself an affidavit, and there is no reason that it should not have been used as such. (*Falkinburg v. Lucy*, 35 Cal. 52[1]; *Delger v. Johnson*, 44 Cal. 182; *Hiller v. Collins*, 63 Cal. 237; High on Injunctions, secs. 1574, 1577, 1587, 1604; *Howard v. Eddy*, 56 Kan. 498.)

It is further objected that the complaint does not state the quantity of water owned by the plaintiffs; that it does not appear that the defendant's alleged claims are not rightful; that the relative rights of the parties in the subject matter cannot be determined from the complaint; that there are no facts stated which confine the right of the defendants to levy assessments to the cost of operating the canal; and it does not appear that plaintiffs would suffer irreparable damages; that it is conceded that part of the assessments are correct, and that there is a misjoinder of parties plaintiff. But these objections are all manifestly untenable.

The plaintiffs were tenants in common of the ditch, and as such were entitled to sue together. (Code Civ. Proc., sec. 381.) It is sufficiently alleged that the damages from the threatened injury would be irreparable. The other objections do not touch the grounds on which the injunction was granted; which were simply that the plaintiffs were part owners of the canal, and that defendant threatened to deprive them of the use of it, etc. It was therefore unnecessary to specify the quantity of water owned by the plaintiffs.

---

[1] 95 Am Dec. 76.

We therefore advise that the order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

.Temple, J., McFarland, J., Henshaw, J.