## ANDERSON v. ENGLEHART.
### (No. 615.)

INJUNCTIONS—TEMPORARY RESTRAINING ORDER—ALLOWANCE—NOTICE—AFFIDAVITS—PETITION AS AFFIDAVIT—APPEAL AND ERROR—HARMLESS ERROR—FIXTURES—PLEADING—LEGAL CONCLUSION OR ULTIMATE FACT—RIGHT OF MORTGAGEE TO RESTRAIN REMOVAL OF FIXTURES—NECESSARY AVERMENTS—DISCRETION IN GRANTING OR REFUSING TEMPORARY INJUNCTION—APPEAL FROM ORDER.

1. In matters controlled by the general provisions of the Code relating to injunctions, the right to allow a temporary injunction before answer without notice of the application is clearly implied by those provisions. (R. S. 1889, Secs. 4041, 4044, 4045.)

2. If the petition upon which a temporary injunction is applied for is sworn to positively, it is itself an affidavit, and, if the necessary facts are set forth in the petition so sworn to, the petition will be sufficient without a separate or independent supporting affidavit to authorize the issuance of the temporary injunction at the commencement of the action.

3. In case the petition is, used as an affidavit to secure a temporary injunction at the commencement of an action, it must be sufficient not merely as stating a cause of action, but also as an affidavit; and the facts must be alleged to show a right to the temporary injunction with the same fullness and particularity as would be required in an affidavit.

4. Where a motion to dissolve a temporary injunction issued at the commencement of the action was filed on the following day, and the hearing was had within ten days, all before answer or other pleading on the part of the defendant, and upon affidavits filed by both plaintiff and defendant, whereupon it was ordered upon a consideration of such affidavits that the motion to dissolve be denied, and that the injunction be continued until the' final hearing of the cause, it is not material, on error, whether the petition was or was not sufficient as an affidavit to support the original allowance, for the trial court would have been justified in such case in disregarding the objection to the sufficiency of the proof on the face of the petition, and in determining whether the injunction should be continued upon the evidence presented on the hearing of the motion to dissolve.

5. Whether a chattel is a fixture or has in any case become a part of the realty is a mixed question of law and fact, and is to be determined from a consideration of all the facts and circumstances attending its annexation and use.

6. An allegation in a petition that certain chattels "are a part of said realty and constitute permanent fixtures thereto and necessary for the conduct of the business carried on heretofore on and in said premises," is not the statement of a mere legal conclusion, but it is the statement of an ultimate fact. With reference to such a matter it is usually sufficient to allege the ultimate fact that the chattel is a fixture and a part of the realty, leaving the facts upon which the allegation is based to be brought out by the proof.

7. The general rule as to the right of a mortgagee to maintain an action to restrain the removal of fixtures is that he may maintain such an action where the removal would have the effect of impairing the security; and it must appear that the property would be diminished in value by the threatened removal to such an extent as to render the mortgage security insufficient or inadequate. But this does not mean that the injunction will not be granted in

case the diminished value of the property would be equal to the mortgage debt, for a sufficient margin should be allowed to render the mortgage a fair security under conditions controlling in the particular locality the loaning of money upon such security, and allowing for depreciation in the value of the property from other causes.

8. A petition by a mortgagee for an injunction to restrain the removal of alleged fixtures from the mortgaged realty, which alleges that such removal will work irreparable injury to the realty, for which no adequate remedy at law exists whereby the plaintiff may protect himself against the detaching, wasting, damaging, and removing of the alleged fixtures, and against the consequent damage and loss to the real property and plaintiff's security, is objectionable for not directly stating that the security would be so impaired as to be rendered insufficient.

9. Though the petition is objectionable as above stated, an order allowing a temporary injunction against the removal of the alleged fixtures ought not, on error, be vacated on that ground, where the hearing was had before any pleading was filed by the defendant and upon affidavits filed by both of the contending parties, since the suggested defect in the petition may be remedied by amendment, and the plaintiff should be allowed an opportunity to amend; and when the petition is considered in connection with the affidavits, the defect is not so material as to call for a reversal of the order denying a motion to dissolve.

10. The description in a mortgage of the property covered thereby according to its proper description as real estate "together with all the appurtenances, privileges, and hereditaments thereunto in any wise appertaining or belonging," is sufficient to cover chattels which have been so annexed to the realty as to become a part of it.

11. Upon an appeal from an order granting or refusing an injunction *pendente lite,* the rule is that the appellate tribunal will not interfere with or control the action of the court below unless it has been guilty of a clear abuse of discretion; and by "abuse of discretion" within the meaning of the rule, is meant an error of law committed by the court.

12. The granting or dissolution of a preliminary injunction is a matter resting largely in the discretion of the court to which the application or motion is addressed.

[Decided June 2, 1910.]                (108 Pac. 977.)

ERROR to the District Court, Carbon County; HON. DAVID H. CRAIG, Judge.

The material facts are stated in the opinion.

*N. R. Greenfield,* for plaintiff in error.

Although the statute implies that an injunction may be granted without notice, we submit that the practice of the District Court in granting an injunction or any other extraordinary remedy on an *ex parte* hearing should be discouraged. Neither the letter nor the spirit of the statute intends that an injunction may be granted without notice on such a doubtful and uncertain showing as made in the petition in this case. The power should not be so exercised, except to prevent injuries that are imminent and irreparable, and certainly the court should not interfere where the plaintiff's right is doubtful or where an action at law or in equity prosecuted in the ordinary mode will afford adequate redress. In the case at bar there is no allegation that injury is likely to occur before a hearing can be had, nor that the security will be insufficient if the alleged fixtures be removed. The allegation that the articles mentioned in the petition are a part of the realty is a mere conclusion. It sufficiently appears from the petition that they were at one time at least personal property, and no showing is made as to the manner in which they became a part of the realty. It does not appear by the petition or the affidavits that these articles were specially designed for the real property mentioned in the mortgage. It appears affirmatively from the petition that the articles were only necessary to carry on a business theretofore conducted on the premises, from which it may be assumed that they are not necessary for any other business that might be conducted on the premises. If that be true then no argument would seem to be necessary on the point that the articles retained their character as personalty and became in no way subject to the mortgage. (Fortman v. Goepper, 14 O. St. 567; Wagner v. R. R. Co., 22 O. St. 577.) It is therefore submitted

that the court clearly abused its discretion in the first place, in granting an injunction without notice, and, in the second place, because the petition does not state a cause of action against the defendant calling for injunctive relief.

The motion to dissolve should have been sustained not only because the petition stated no grounds for injunction,. but also because it appears from the affidavits upon which the motion was heard that the articles in question are· personal property and in no way covered by the mortgage. The articles in question are merely implements or tools to· facilitate trade or business and the annexation . of such articles to realty cannot convert them into a part thereof, unless such intention plainly and affirmatively appears from some other fact than mere annexation. Articles added by the owner to real estate for its more convenient use, or for· his greater enjoyment, or as furnishings or ornament, are· not such part of the realty as will pass by a deed, unless they are substantial additions and clearly intended to be per-- manent. (19 Cyc. 1060, note 21.) A bar, counter and shelf attached to the floor and wainscot by nails, etc., are trade fixtures and removable by the party who places them. there. (Berger v. Hoerner, 36 Ill. App. 360; Guthrie v. Jones, 108 Mass. 191; Brown v. Wallis, 115 Mass. 156; Kimball v. Masters &c., 131 Mass. 59; Shaperia v. Barney,. 30 Minn., 14 N. W. 270; Moore v. Wood, 12 Abb. Prac.. 393; Bartlett v. Haviland, 92 Mich. 552, 52 N. W., 1008; Brewing Co. v. Smith, 110 N. Y. Supp., 8; Royce v. Lat-- shaw, 15 Colo. App. 420, 62 Pac. 627; Electric Co. v. Transit. Co., 42 Atl. 101.) The bar, back-bar and partition in ques- tion not being specially designed or fitted for the particular· premises described in the mortgage, cannot be regarded as. a .part of the realty, even though slightly attached to the· building. (Oliver v. Lansing, 59 Nebr. 219, 80 N. W. 829; Ins. Co. v. Semple, 38 N. J. Eq. 575; Murray v. Bender,. 125 Fed. 705; Bender v. King, 111 Fed. 179; Ins. Co. v.. Allison, 107 Fed. 179; Knickerbocker T. Co. v. Penn. Cor.. Co., 62 N. J. Eq. 624; modified in 58 Atl. 409, 105 Am. St..

Rep. 640; Mfg. Co. v. Cohn, 3 Cal. App. 657, 86 Pac. 829.)

Annexation of trade fixtures, or furnishings placed in the building for the purpose of carrying on the trade or business conducted in the building, does not make the articles a part of the realty. (Baker v. McClurg, 198 Ill. 261; Dostal v. McCaddon, 35 Ia. 318; Carpenter v. Walker, 140 Mass. 416; Park v. Baker, 7 Allen, 78; Gale v. Ward, 14 Mass. 352; Manwaring v. Jenison, 61 Mich. 117; Hunt v. Maullanphy, 1 Mo. 508; Sisson v. Hibbard, 75 N. Y. 542; Bill v. Sewald, 53 Pa. St. 271; Moody v. Aiken, 50 Tex. 65; Sherrick v. Cotter, 28 Wash. 25; Cranston v. Beck, 70 N. J. L. 145; Security T. Co. v. Temple Co., 58 Atl. 865; Hall v. L. G. & T. Co., 22 Wash. 305; N. W. Mut. L. Ins. Co. v. George, 77 Minn. 319; Griffin v. Jensen, (Ky.) 39 Ky. 43; Neufelder v. Ry. Co., 23 Wash. 470, 63 Pac. 197.) For a thorough and extended discussion of law and foundation of the law of fixtures, see Teaff v. Hewitt, 1 O. St. 522, and Wolford v. Baxter, 33 Minn. 12, 21 N. W. 744.)

*Charles E. Winter,* for defendant in error.

It is not necessary that a mortgage mention the fixtures. They will be included in the general words of description of the freehold. (19 Cyc., 1063; Breweries &c. v. Shurtz &c., 38 Pac. 92; Ins. Co. v. Huntington, 48 Pac. 19; Wade v. Brewing Co., 38 Pac. 1009; McNally v. Connell, 11 Pac. 320; Ewell on Fixtures, p. 275; Jones on Mort., Secs. 426-435.) Injunction will issue to stay the removal of a fixture where the right and nature of the article is not disputed, and the injury will be serious. (19 Cyc., 1072A, and cases cited.) An injunction restraining a tenant from removing certain trade fixtures from the premises pending a suit involving the right to such removal is properly granted to preserve the *status quo* until the question of ownership can be determined. (Williams v. Chicago Ex. Co., 188 Ill. 119; 58 N. E. 611; Baker v. Natl. Biscuit Co., 96 Ill. App. 228.) A mortgagor may be enjoined from removing fixtures from the mortgaged property. (Dutro v. Kennedy, 22 Pac. 763.) The injunction was properly issued in con-

formity with the statute. It clearly appeared from the petition that the acts sought to be restrained, would, if committed, work irreparable injury to the plaintiff; that the defendant was doing and threatening to do an act in violation of plaintiff's rights respecting the subject matter of the action; an act tending to render the judgment in part ineffectual. Under such allegations Section 4039 of the Revised Statutes authorizes the temporary injunction. Section 4041 provides that a notice *may* first be required, if, in the opinion of the court, the party should be heard. But even in such a case the court may grant a restraining order. The allegations of the petition were neither doubtful nor uncertain, but covered the things stated in our statute upon which injunction may be granted. A direct allegation that injury is likely to occur before a hearing can be had is not required by statute as a condition to the allowance of a temporary injunction. The true test of the right of the mortgagee to have the removal of fixtures enjoined is whether the security is about to be impaired or would be impaired, if the act be committed. The mortgagor may not commit waste of any kind or do any other act which will impair the security, and equity will enjoin the same. (Williams v. Chicago Ex. Co., *supra*; 27 Cyc., 1270.; Collins v. Rea, 86 N. W. 811; Dutro v. Kennedy, *supra;* Beaver Lumber Co. v. Eccles, 73 Pac. 201.) The petition clearly alleges the impairment of security. A court will not assume that the security is far in excess of the amount of the mortgage, or even if it were shown to be so, the court would not assume that a part of the security could be taken away, and that the balance, when sold, will pay the mortgage and costs. Too many considerations which affect the value of the security enter into the question to justify an assumption of that kind.

The allegation that the articles in question are a part of the realty is not a mere conclusion, but is an allegation of a fact. To state anything further in the petition would amount to pleading evidence. It is not a fair interpre‑

tation of the allegations of the petition that they affirmatively show that the articles are necessary only to carry on the business therefore carried on upon the premises. The petition states that they constitute permanent fixtures and are necessary for the conduct of the business "carried on heretofore on and in said premises." Nothing is stated as to whether they are or are not necessary or useful in any other business. Even though the petition had been faulty in one or more of the respects urged by counsel for plaintiff in error, it would not follow that it would be insufficient, or that the court abused its discretion in granting the injunction in the first instance. The granting or refusal of a temporary injunction rests in the sound discretion of the court. It may be granted to maintain the *status quo* until the right or title in question is established, even where the complainant's right is doubtful. (22 Cyc., 746, 750, 752.)

In a leading American case the conclusion was stated that there is no one test for the determination of what are permanent fixtures but that whether a chattel has become part of the freehold requires the united application of the following elements: (1) Actual annexation. (2) Appropriation to the use or purpose of that part of the realty with which it is connected. (3) The intention of the party annexing it to the realty; this intention being inferred from the nature of the article, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made. (19 Cyc. 1037.) This rule should be here applied bearing in mind that this is a case between mortgagor and mortgagee, which is identical with the rule as between grantor and grantee, or vendor and purchaser, but not with the rule as between a landlord and tenant. (19 Cyc. 1061, 1062; Williams v. Chicago Ex. Co., *supra;* Bank v. Finch, 3 Barb. Ch. 299; Davidson v. Gas Light Co., 99 N. Y. 559; Tillman v. Delacy, 80 Ala. 103; Foote v. Gooch, 96 N. C. 265; King v. Johnson, 7 Gray, 239; Binkley v. Forkner, 3 L. R. A. 34; Butler v. Page, 48 Mass.

40; Pea v. Pea, 35 Ind. 387.)    The cases cited in the brief
of counsel for plaintiff in error are nearly all cases between
landlord and tenant; and in many of them there had been
an agreement on the question of fixtures.    Not one of the
cases cited by counsel combine all the facts and conditions
in the case at bar, and in many of them several of the con-
ditions and facts are different.    The affidavits show that
the severance of these fixtures had proceeded far enough to
do serious injury to the property; that it would require an
expenditure of money to make the place presentable for
any business, or the fixtures refitted in their places to con-
tinue the business previously conducted upon the premises.
Intention in annexing chattels to realty is not the secret
purpose, but that which should be implied from the act of
annexation inferred from the nature of the article, and the
manner and use of the annexation.    (Thompson v. Pearson,
50 L. R. A. 780.)    In the case at bar, the annexation, the
appropriation and use, and the intention of the party making
the annexation are such as to make the said fixtures a part
of the realty.

We cite the following cases as sustaining upon practically
the same state of facts our contention that the articles in
question in this case are fixtures:    Woodham v. Bank, 48
Minn. 67, 31 Am. St. 622;  Spinney v. Barbe, 43 Ill. App.
585;  Cohen v. Kyler, 27 Mo. 122;  Pratt v. Whittier, 58
Cal. 126;  Redlon v. Barber, 4 Kan. 445;  Hill v. Munday,
89 Ky. 36;  Tabor v. Robinson, 36 Barb. 483;  Conner v.
Squires, 50 Vt. 680;  Mackey v. Smith, 52 Am. Dec. 615;
Smyth v. Sturgis, (N. Y.) 15 N. E. 544;  O'Brien v. Kus-
terer, 27 Mich. 289;  McAuliffe v. Mann, 37 Mich. 539;
Hopewell Mills v. Bank, 150 Mass. 519;  Padgett v. Cleve-
land, 33 S. C. 339;  Allen v. Mooney, 130 Mass. 157.    The
following also are cited as generally supporting the con-
tention:  People v. Jones, 120 Mich. 283;  Pond v. O'Con-
nor, 73 N. W. 159;  Thompson v. Smith, 83 N. W. 789;
Ins. Co. v. Allison, 107 Fed. 179;  Canning v. Owen, 48
Atl. 1033;  Johnston v. Trust Co., 30 So. 15.

POTTER, CHIEF JUSTICE.

This is a proceeding in error for the review of an order denying a motion to dissolve a temporary injunction. The action was brought to recover judgment upon certain notes. and to foreclose a real estate mortgage given to secure said notes. An injunction was also prayed for to restrain the threatened removal from the mortgaged premises of certain described articles alleged to constitute part of the realty and to be permanent fixtures thereto, and necessary for the conduct of the business theretofore carried on upon said premises. The injunction complained of was issued at the commencement of the action; and, before answer or any other pleading on his part, the defendant filed a motion to dissolve the temporary injunction. The motion was. heard upon the petition, and affidavits filed by the respective parties, whereupon it was ordered that the motion be denied, and that the injunction be continued until the final hearing of the cause.

The motion to dissolve was made on the following grounds: (1) That the defendant was not notified of the application for the injunction. (2) That the application was not supported by proper affidavits. (3) That the allegations of the petition do not entitle the plaintiff to an injunction. (4) That upon the face of the petition the property in question is personal property and not mentioned or referred to in the mortgage. (5) That from the affidavits filed in support of the motion it appears that the property had in no way been attached to or become a part of the realty covered by the mortgage.

1.  Section 4041, Revised Statutes 1899, provides: "If,. in the opinion of the court or judge, the defendant or any party to the suit should be heard before granting the injunction, a reasonable notice may be required to be given to the party, of the time, place and purpose of the application; and such party may, in the meantime, be restrained." (Wyo. Comp. Stat. 1910, Sec. 4901.) Section 4044 of the 1899 revision provides that when the injunction is allowed

at the commencement of the action, the clerk shall indorse upon the summons "injunction allowed," and that it shall not then be necessary to issue the order of injunction, and further, that it shall not be necessary to issue the order when notice of the application therefor has been given to the party enjoined. (Comp. Stat. 1910, Sec. 4904.) Section 4045 provides that when an injunction is allowed during the litigation, and without notice of the application therefor, the injunction shall be issued, and the sheriff shall forthwith serve the same upon each party enjoined, etc. (Comp. Stat. 1910, Sec. 4905.) Thus the right of the court or judge to allow the injunction before answer without notice of the application seems to be clearly implied. In special cases, such as suits brought to enjoin the use or diversion of water from streams upon which the rights to the use of the water thereof have been adjudicated, the statute prohibits the granting of a restraining order before notice and hearing. (Laws 1907, Ch. 86, Sec. 21; Comp. Stat. 1910, Sec. 4900.) But generally the matter is governed by the statutory provisions above referred to. It is not a valid objection, therefore, that the injunction was allowed without notice to the defendant.

2. The statute provides that the injunction may be granted at the time of commencing the action, or at any time afterward, before judgment, upon its appearing satisfactorily to the court, judge or commissioner, by affidavit of the plaintiff, or his agent, that the plaintiff is entitled thereto. (Rev. Stat. 1899, Sec. 4040; ·Comp. Stat. 1910, Sec. 4849.) When the petition is sworn to positively it is itself an affidavit, and if the necessary facts are set forth in the petition so sworn to the petition will be sufficient without a separate or independent supporting affidavit to authorize the issuance of the temporary injunction at the commencement of the action. (22 Cyc. 941-942; Smith v. Stearns Rancho Co., (Cal.) 61 Pac. 662; Howard v. Eddy, (Kan.) 43 Pac. 1133.) The general rule in such case is that the petition must be sufficient not merely as stating

a cause of action, but also as an affidavit, that is to say the facts must be alleged to show a right to the temporary injunction with the same fullness and particularity as would be required in an affidavit. In Howard v. Eddy, *supra*, the rule is stated as follows: "If the petition sets forth the necessary facts, and is properly sworn to, an order may be allowed thereon. When used for that purpose, it must state facts with the detail and particularity that is required in an affidavit or deposition. 'When a verified petition is used as an affidavit, its allegations must be construed as those of an affidavit, and must be such statements of fact as would be proper in the oral testimony of a witness. Allegations which are simply conclusions of law, whether sufficient, or not, as matter of pleading, are incompetent as testimony'."

The petition in the case at bar seems to be sufficient to show the fact that the plaintiff holds a mortgage upon the premises described, and that the right has accrued to foreclose the same, at least it is not here contended that the petition is insufficient in that respect. It is, however, contended that the allegations with reference to the particular property in controversy are insufficient to show a right to have the removal thereof enjoined. The only substantial objection to the petition, when considered as an affidavit, is its failure to specifically state the manner in which the alleged fixtures had been annexed to, and had become a part of the realty, and to definitely show that their removal would impair the mortgage security. Had the motion to dissolve been made alone upon the insufficiency of the petition as an affidavit to authorize the allowance of the injunction; and had there been no other affidavits considered upon the hearing, it is at least doubtful whether the petition could be considered sufficient standing alone to justify the allowance or the continuance of the restraining order. But the motion to dissolve was filed on the day following the commencement of the action and the hearing was had within ten days, all before answer or other plead-

ing on the part of the defendant, and it was then ordered, upon a consideration of the affidavits filed by both plaintiff and defendant, not only that the motion to dissolve be denied, but that the injunction be continued until the final hearing of the cause. The affidavits filed by the plaintiff as well as those filed by defendant stated with some particularity the manner in which the articles of property in question were connected with the premises and used; and those filed by the plaintiff were to the effect that the removal of such property from the building erected on the premises would render it unsuited to the purposes for which it was built and had continuously been used, and by reason of its location and other circumstances would greatly depreciate the value of the building and premises and render the same unprofitable. The value of the property either with or without the alleged fixtures is not stated in any affidavit filed by either of the parties, but the defendant did not attempt to show that the removal of the alleged fixtures would not impair the plaintiff's security. On the contrary it is stated in the affidavit of the defendant that when he ascertained that he would be unable to pay the mortgage indebtedness he offered to deed the premises to the plaintiff in satisfaction of the debt, which offer the plaintiff refused to accept. It appears further from the affidavits that the property in question had been fastened to the floor and wall of the building by nails, screws and iron fastenings, and was in and connected with the building at the time that the mortgage was given, and indeed had been there during all the period that the building had been used. The hearing having been had so shortly after the commencement of the action and the original allowance of the injunction, and the plaintiff having at that time made a further showing by filing additional affidavits, we do not deem it very material whether the petition was or was not sufficient as an affidavit to support the original allowance. In view of the situation the court would have been justified, we think, in disregarding the objection to the suffi-

ciency of the prooff on the face of the petition to authorize the temporary injunction, and in determining whether it should be continued upon the evidence presented on the hearing of the motion to dissolve.

3.   The sufficiency of the petition as a pleading to entitle the plaintiff to the injunction is also challenged by the motion, and it is contended that it is insufficient for the reason that it merely alleges generally that the articles in question, which are described as a bar, back-bar and oak partition, are a part of the realty and permanent fixtures thereto, without stating the necessary facts to show that they had become a part of the realty; that it fails to show that the removal of the alleged fixtures will render the security inadequate; and that it does not appear by the petition that they are described in or covered by the mortgage.

The petition alleges that the defendant threatens to detach and move from the premises described in the mortgage the articles in question, which, it is alleged, "are a part of said realty and constitute permanent fixtures thereto and necessary for the conduct of the business carried on heretofore on and in said premises." That allegation is not, as contended, the statement of a mere legal conclusion. On the contrary, it is the statement of an ultimate fact. Whether a chattel is a fixture or has in any case become a part of the realty is a mixed question of law and fact, and is to be determined from a consideration of all the facts and circumstances attending its annexation and use. (19 Cyc. 1038; Ewell on Fixtures, 2nd Ed. p. 34.) It is said in Opalika Bank v. Kiser, 119 Ala. 194, that "courts can not know otherwise than through the medium of evidence the particular facts necessary to convert this character of property, primarily personal, into fixtures, or parts of the realty in connection with which it may be used." In most cases it would be difficult to set forth in a pleading all the circumstances to show that a chattel has been annexed to real estate in such a manner and under such conditions as

to constitute the same a fixture and a part of the realty, without a recital of facts purely evidential in character. With reference to such a matter it must be held usually sufficient to allege the ultimate fact that it is a fixture and a part of the realty, leaving the facts upon which the allegation is based to be brought out by the proof.

The general rule as to the right of a mortgagee to maintain an action to restrain the removal of fixtures is that he may maintain such an action when the removal would have the effect of impairing the security. Where the mortgage is considered a mere security, it is usually held under the general rule aforesaid that to entitle the mortgagee to an injunction to restrain such removal, it must appear that the property would be diminished in value by the threatened removal to such an extent as to render the mortgage security insufficient or inadequate. This does not mean that the injunction would not be granted in case the diminished value of the property would equal the amount of the debt, but a sufficient margin should be allowed to render the mortgage a fair security under conditions controlling in a particular locality the loaning of money upon such security, and allowing for depreciation in the value of the property from other causes. In King v. Smith, 2 Hare, 239, it is said: "The mortgagee is entitled to be protected from acts of waste which would so far impair the value of the property as to render the security of doubtful sufficiency. He is entitled to have the mortgaged property preserved as sufficient security for the payment of his debt, and it is not enough that its value may be barely equal to the debt. That would not ordinarily be deemed sufficient as security to one whose purpose is to secure payment, and not to become a purchaser of the property at its market value. And not only must it be considered that the mortgage is held to secure payment of the debt, and not for the purpose of converting the mortgagee into a purchaser, but that if the debt is not yet mature it is to be considered whether, during the time that may elapse before maturity, the present value

of the property may not become depreciated from causes not now known." (Moriarity v. Ashworth, (Minn.) 44 N. W. 531; Moses v. Johnson, 88 Ala. 517; Fairbank v. Cudworth, 33 Wis. 358; Vanderslice v. Knapp, 20 Kan. 647; Miller v. Waddingham, (Cal.) 27 Pac. 750; Ewell on Fixtures, 2nd Ed., 609, 610; 1 High on Inj., 3rd Ed., Sec. 481; 19 Cyc. 1072.)

The petition alleges that the removal of the alleged fixtures "will work injury to said real property, and that said injury will be irreparable and that no adequate remedy at law exists whereby the plaintiff may protect himself against the said detaching, wasting, damaging and removing of said parts of said real estate, and against the consequent damage and loss to said real property and plaintiff's security." The allegation is objectionable for not directly stating that the security would be so impaired as to be rendered insufficient, but as the hearing was had with reference to allowing a temporary injunction, before any pleading filed by the defendant, and upon affidavits filed by the contending parties, and as the suggested defect in the petition may be remedied by amendment, we do not think that the injunction should be vacated on this ground without allowing the plaintiff an opportunity to amend. When the petition is considered in connection with the affidavits the defect is not so material as to call for a reversal of the order.

It is alleged in the petition that the mortgaged property is described in the mortgage as follows: Lot twenty-two (22) in block six (6) in the Town of Grand Encampment, Carbon County, Wyoming, according to the recorded plat thereof, together with all the appurtenances, privileges and hereditaments thereunto in any wise appertaining or belonging. That description is sufficient to cover property like that here in controversy when it has been so annexed to the realty as to become a part of it.

4. Upon an appeal from an order granting or refusing an injunction *pendente lite* the rule is that the appellate

tribunal will not interfere with or control the action of the court below unless it has been guilty of a clear abuse of discretion; and by abuse of discretion within the meaning of the rule is meant an error of law committed by the Court.  (2 High on Inj., Sec. 1696.)  As said in Collins v. Stanley, 15 Wyo. 282, 295, the granting or dissolution of a preliminary injunction is a matter resting largely in the discretion of the court to which the application or motion is addressed.  "This discretion should be exercised so as to prevent injury, having in mind the situation of the parties. The rights of the defendants are protected by the bond, while there is no such protection afforded plaintiff if the injunction is dissolved, and it should turn out that his action is well founded."

With reference to the evidence produced at the hearing we think it only necessary to say that it appears to us to be sufficient to justify the order denying the motion to dissolve and continuing the injunction until the final hearing of the cause.  The order complained of will be affirmed.

BEARD, J., concurs.
SCOTT, J., did not sit.