## ELDRIDGE v. ROGERS
(No. 1507; March 5, 1929; 275 Pac. 101)

90

Before BLUME, C. J., KIMBALL, J., and BURGESS, District Judge.

*Charles E. Lane,* for appellant.

*L. C. Sampson,* for respondent.

Burgess, District Judge.

The parties to this action entered into a written agreement in substance as follows: Eldridge, the plaintiff, was to sell and Rogers, the defendant, was to buy certain land

therein described for the sum of $1,600 to be paid on or before March 15, 1925, with interest payable annually. Upon the payment of the purchase price and interest, Eldridge was to convey to Rogers by warranty deed a valid title in fee simple to said lands. Should Rogers fail to pay he was to forfeit any and all rights to said land, and any and all moneys paid on the purchase price. Rogers was to have possession of the land so long as he complied with the terms of the contract but upon breach by him his right of possession was to terminate. Rogers was to pay the taxes for 1922 and subsequent years.

March 5, 1927, Eldridge brought suit in the District Court of Laramie County against Rogers and in his petition alleged among other things that Rogers had defaulted in the payment of the purchase price and the interest thereon, and the taxes and prayed that the contract between the parties be cancelled; that plaintiff be awarded possession of the lands; that an accounting be had, and that the defendant be decreed to have forfeited any rights to said land and to any part of the purchase price paid.

To the petition the defendant Rogers filed an answer and cross petition in which he sets up a general denial and then alleges that before the arrival of the time for the payment of the purchase price, Eldridge had conveyed to Laramie County a portion of said land, and that he had been damaged to the amount of $1312.96. In his prayer he says "Wherefore, defendant concurs with prayer of plantiff that the contract now existing between plaintiff and defendant be rescinded and cancelled;" that he be awarded his damages, etc.

The reply of the plaintiff in substance was that the land in question held by Laramie County was taken for road purposes by virtue of condemnation proceedings, and that he himself had never conveyed it.

Upon the trial of the cause the court entered a decree in which it found "that the defendant is in default in the

payment of principal, interest and taxes, and that both plaintiff and defendant have asked for a cancellation of the contract.'' It was therefore, ordered and adjudged that the contract in question be cancelled, and that the plaintiff recover his costs. The decree goes no further than the cancellation of the contract and the awardng of the costs of the case to the plaintiff.

It is now urged by the defendant that the plaintiff's petition did not state facts sufficient to entitle him to a cancellation of the contract, and that the evidence is insufficient to support the decree entered.

It is a sufficient answer to this contention to say that in cancelling the contract the court did only what both the plaintiff and the defendant asked it to do. Not only did the defendant in his answer and cross petition ''concur with the prayer of plaintiff that the contract be rescinded and cancelled,'' but at the trial in one of his objections to the testimony of the plaintiff he calls the court's attention to the fact that he (the defendant) is also asking that the contract be rescinded. Under these circumstances the defendant can not now complain of the cancellation of the contract by the court.

The court was justified in awarding the plaintiff his costs, Sec. 5920, W. C. S. 1920.

Conceding but not deciding that the defendant was entitled to damages as alleged in his cross petition the burden was upon him to prove them and he made no attempt whatever to do so.

On October 10, 1926, the lower court set the case for trial on October 26, and counsel was notified. The attorney for the defendant immediately wrote his client who lived in the country about forty miles from Cheyenne advising him as to the time fixed. On October 21 counsel again wrote his client that the case was set for the 26th. Under date of October 22 he received a letter from his client's wife to the effect that ''Mr. Rogers is away in the eastern

part of Iowa on important business and will not be back for some time yet. Have case postponed if you can." When the case was called for trial the defendant was absent and his counsel moved for a continuance upon the above showing which was denied and this denial he urges as error.

It will be noted that there was no showing that Rogers could not return from Iowa in time for the trial, or that he would return in a reasonable time, nor does it appear that he did not know when he left Wyoming that the case was already set for trial. Whether, under the circumstances shown, a continuance should have been granted or denied was in the sound discretion of the lower court and we see no reason for disturbing the ruling made.

Counsel for the defendant also complains about various rulings of the lower court in the admission of evidence. We have carefully considered this evidence and can see no error in its admission prejudicial to the defendant. No useful purpose would be served in setting it forth in full and discussing it at length.

Upon the conclusion of the evidence at the trial in the court below the judge announced, that he did not care to hear any argument by counsel and the defendant now complains of this as error. The case was tried by the court without a jury and whether or not counsel should have been permitted to argue the case was a matter within the sound discretion of the trial judge.

On the day this case was argued in this court there was filed with its clerk by defendant's counsel a motion to correct the record of pleadings so as to make the petition filed in the lower court correspond with the copy served upon the defendant. If the defendant was not served with a true and correct copy of the petition filed he should have made timely application to the lower court for such relief as he was entitled to. His motion here comes too late.

It follows that the decree entered by the trial court should be affirmed and it is so ordered.

*Affirmed.*

BLUME, C. J. and KIMBALL, J., concur.