Bobby C. CRAVER, Appellant
(Defendant below),

v.

Carol J. CRAVER, Appellee
(Plaintiff below).

No. 5138.

Supreme Court of Wyoming.

Oct. 25, 1979.

Harry E. Leimback, Casper, for appellant.

Hugh M. Duncan, Casper, for appellee.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This appeal from a judgment and decree granting a divorce and a division of property presents two issues: (1) Did the trial judge abuse his discretion in denying a continuance to appellant-defendant following the court-approved withdrawal of his original counsel? and (2) Did the trial judge err in awarding a particular piece of property to the plaintiff-appellee? We will affirm.

## THE DENIAL OF THE CONTINUANCE

### The Facts

Plaintiff filed her complaint on June 22, 1978, and defendant answered on July 7. On December 15, 1978, plaintiff filed a request for a trial setting and the court entered an order setting the case for trial on March 1, 1979. On December 28, 1978, defendant's counsel sent him a copy, by certified mail, of the order setting the case for trial. The defendant received the notice on January 8, 1979. The defendant's attorney wrote him concerning the case, but the defendant made no response. On February 2, 1979, the defendant's attorney filed a motion for an order allowing him to withdraw as defendant's counsel, which the court granted on the same day. The motion cited the attorney's inability to communicate with the defendant, noting that the defendant had not responded to the attorney's letters to the defendant. The attorney certified that a copy of the motion to withdraw was sent to the defendant on February 2, 1979, by certified mail, return receipt requested. Defendant's secretary received a notice from the post office stating that mail was waiting for her employer at the post office. She failed to inform the defendant. On February 20, 1979, the defendant contacted his original attorney and was told that he had withdrawn. The same day, defendant attempted to secure a new attorney; an interview with the new attorney was not had until February 23. Four days later the new attorney asked the trial court for a continuance of the trial which had been set for March 1. This was denied, and an office associate of the new attorney, albeit with an uncomfortably short time for preparation, represented defendant at the trial.

### Appellant's Argument

In arguing that the trial court abused its discretion in denying the motion for a continuance, the appellant-defendant relies on two district court rules: (1) Rule 7, which provides that no continuance shall be allowed except for good cause shown; and (2) Rule 13, which provides that the court shall not allow counsel to withdraw unless there is a showing in the file that counsel's desire to withdraw has been transmitted to the client if reasonably possible. Appellant argues that the trial court violated Rule 13 in that it allowed appellant's original counsel to withdraw despite the fact that counsel had not previously given notice to his client of his intention to withdraw. Appellant claims that this alleged violation of Rule 13 constituted good cause for a continuance under Rule 7 and that the trial court committed error when it refused to grant the continuance.

### Discussion

█ The trial court has discretion to grant or deny a continuance. *Holly Sugar Corporation v. Perez*, Wyo., 508 P.2d 595, 599 (1973). See, also, *Jegendorf v. Jegendorf*, 61 Wyo. 277, 157 P.2d 280, 283 (1945); *Glover v. Berger*, 72 Wyo. 221, 263 P.2d 498, 507 (1953), and *Eldridge v. Rogers*, 40 Wyo. 89, 275 P. 101, 102 (1929).

Moreover, all of the above-cited cases, with the exception of the *Glover* case (which involved a request for a continuance on the grounds that a recent verdict against defendant in a different case would be prejudicial) are authority for the proposition that the trial court may deny a continuance if the problem which gives rise to the request for a continuance is the fault of the party moving for the continuance.

In *Eldridge*, supra, trial was set on the 10th day of October for October 26; appellant was immediately notified by mail of the trial date by his attorney. On October 22, appellant's wife wrote the attorney that appellant had had to leave the state on important business. In affirming the denial of a continuance this court said:

"It will be noted that there was no showing that Rogers could not return from Iowa in time for the trial, or that he would return in a reasonable time; nor does it appear that he did not know, when he left Wyoming, that the case was already set for trial. . . ." 275 P. at 102.

In the case at bar, the appellant was notified on December 28 of the March 1 trial date. Appellant offers no explanation for his failure to respond to attempts by his original counsel to communicate with him so that preparation for the trial could be made. We recognize that the denial of the continuance may have seriously inconvenienced the appellant. But since the situation was largely of the appellant's own making, we hold that it was within the discretion of the trial judge to deny the continuance.

Appellant has not appealed on the ground that the trial judge improperly allowed appellant's original trial counsel to withdraw under District Court Rule 13. Furthermore, appellant has presented no authority for the proposition that a judge's imperfect grant of permission to an attorney to withdraw will transform insufficient cause for a continuance into sufficient cause. Although there may, indeed, be no cases precisely in point, we fail to see how the Rule 13 twist to this case gets around the general proposition that a trial judge may deny a continuance if the need for the continuance is due to the fault of the party seeking it.

### THE PROPERTY DISPOSITION

Appellant claims that the trial court should not have awarded the appellee appellant's interest in real property situated at 647 West Yellowstone, Casper, Wyoming. This property was used by appellant for business purposes. As we have said again and again, we must, on appeal, assume that the evidence in favor of the successful party is true, leaving out of consideration entirely evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. *Jelly v. Dabney*, Wyo., 581 P.2d 622, 624 (1978). Applying this rule, we find that the property was purchased largely with money provided by appellee or her mother and was deeded to appellee. Thereafter, appellant was indicted by a grand jury and put a great deal of pressure on the appellee to transfer title to one of his attorneys so that the property could be used as collateral to raise money for appellant's defense. Appellee acquiesced. Thereafter, appellant acquired an interest in the property. Appellant contends that appellee, under the above circumstances, "legally divorced herself from any interest in the property and thereby created a situation where the property was no longer such that it could be considered a part of the marital estate." We find no merit in this claim. The trial judge has great discretion in making a property settlement, *Warren v. Warren*, Wyo., 361 P.2d 525, 526 (1961); the trial court may award property to one party which was the separate property of the other spouse, *Lovejoy v. Lovejoy*, 36 Wyo. 379, 256 P. 76, 78 (1927).

Affirmed.