Theodore S. BACON, III, James A. Eller and Ronald S. Wedgle, Appellants (Defendants),

v.

CAREY COMPANY, a Partnership, Campus Mall, a Partnership, V. Flory Mendicino, Roderick Chisholm, John E. White, D. Kent Boswell and V. Frank Mendicino, Appellees (Plaintiffs).

No. 83–73.

Supreme Court of Wyoming.

Sept. 14, 1983.
Rehearing Denied Oct. 11, 1983.

John W. Pattno, Cheyenne, for appellants.

David H. Carmichael of Carmichael, McNiff & Patton, Cheyenne, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

Appellants (defendants in an action to enforce personal guarantees of a lease agreement) discharged their attorney the morning before trial. On the morning the trial was scheduled to begin, the trial judge granted counsel for the appellant's motion to withdraw and denied appellants' motion for a continuance. The subsequent verdict was against the pro-se appellants. Appellants ask this court to remand the case for a new trial on the grounds that the trial judge abused his discretion in allowing appellants' counsel to withdraw and again in denying a motion for a continuance. We will affirm.

Appellants claim that the trial judge twice abused his discretion—once when he allowed the attorney to withdraw and again when he refused the continuance. The question presented by this appeal is more correctly stated in this way:

> Did the trial judge abuse his discretion in denying a continuance after he properly granted the discharged attorney's motion to withdraw?

■ We hardly need to cite authority for the proposition that it is proper for an attorney who has been fired in a civil suit to be permitted to withdraw from the case.

■ At trial, those matters that are left to the sound discretion of the trial court will not be upset on appeal absent a demonstrated abuse of discretion. The standard for determining whether the trial judge has abused his discretion is set out in *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980):

> "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Eager v. Derowitsch,* 68 Wyo. 251, 232 P.2d 713 (1951); *Anderson v. Englehart,* 18 Wyo. 409, 108 P. 977 (1910) * * *."

■ The granting of a continuance is among those matters within the trial judge's discretion:

"The granting or refusing of a request for continuance is 'ordinarily a matter within the sound discretion of the trial court under the circumstances of each case.' *Glover v. Berger,* 72 Wyo. 221, 263 P.2d 498, 507 (1953)."

*Armed Forces Cooperative Insuring Association v. Department of Insurance,* Wyo., 622 P.2d 1318, 1326 (1981).

"The trial court has discretion to grant or deny a continuance. *Holly Sugar Corporation v. Perez,* Wyo., 508 P.2d 595, 599 (1973). See, also, *Jegendorf v. Jegendorf,* 61 Wyo. 277, 157 P.2d 280, 283 (1945); *Glover v. Berger,* 72 Wyo. 221, 263 P.2d 498, 507 (1953), and *Eldridge v. Rogers,* 40 Wyo. 89, 275 P. 101, 102 (1929)." *Craver v. Craver,* Wyo., 601 P.2d 999, 1000 (1979).

▪ Rule 7, Uniform Rules for the District Courts of the State of Wyoming, states that a continuance may be granted only upon a showing of good cause. In criminal cases, the withdrawal of counsel, particularly on the eve of trial, may implicate due-process considerations and defendant's right to effective assistance of counsel. *Epperson v. State,* Wyo., 637 P.2d 671 (1981); *Adger v. State,* Wyo., 584 P.2d 1056 (1978). However, in civil cases, withdrawal of counsel does not always provide grounds for the granting of a continuance. Annot., 48 A.L. R.2d 1155, 1157.

" 'The withdrawal, on the eve of trial, of the attorney for one of the parties to an action, leaving such party unprepared for trial, is not ipso facto a ground for continuance * * *.' " *Benson v. Benson,* 66 Nev. 94, 204 P.2d 316, 318 (1949).

▪ Particularly relevant to the matters with which we are concerned in this appeal is this court's holding

" * * * that the trial court may deny a continuance if the problem which gives rise to the request for a continuance is the fault of the party moving for the continuance." *Craver v. Craver,* supra, 601 P.2d at 1000.

In the case at bar, the appellants' motion for continuance was based on the fact that their counsel had withdrawn. Whether the attorney withdrew because he was fired (a fact that appellants dispute on appeal) or because it was impossible for him to work with his clients is not the salient point. Whatever the reason, it is clear that the request for the continuance was necessitated by the difficulties that the appellants were experiencing with their attorney. This alone is sufficient to justify the court's denial of the continuance, but in this case there are additional reasons for denying the motion to continue the trial setting.

In the first place, we accept the statement of counsel that he was fired. Nowhere in the record do appellants directly deny this fact. No jurisdiction has held it to be an abuse of discretion to deny a continuance under such circumstances.

"There is not a single case involving the *discharge* of an attorney in which it was held that a continuance should have been granted for this reason * * *." 48 A.L. R.2d, supra, at 1159.

In addition, before the trial judge granted counsel's motion to withdraw, he informed counsel and the appellants that he would not grant the continuance. In such cases, it is not an abuse of discretion to deny a continuance.

"It is fairly clear that no continuation can reasonably be expected after the court expressly states that in the case of a withdrawal it will not grant a motion for continuance." 48 A.L.R.2d, supra, at 1163.

The trial judge did not abuse his discretion in denying a continuance after withdrawal of counsel in the case at bar.

▪ Appellees also urge that this court is without authority to hear this appeal because the judgment contains a defect under Rule 54(b), W.R.C.P. The applicable aspects of Rule 54(b), W.R.C.P., provide:

" * * * In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate

the action as to any of the claims or parties * * *."

The provisions of Rule 54(b), W.R.C.P. have been satisfied in that all of the claims and rights and liabilities of all the original parties have been adjudicated. The March 17, 1983 order dismissing original parties not party to this litigation corrects any defects which may have existed in the November 9, 1982 judgment. As we said in *Choman v. Epperley*, Wyo., 592 P.2d 714 (1979), where a similar order corrected a defective judgment, this court

> " * * * can now entertain proper jurisdiction over the merits of the plaintiff's appeal * * *."

 Appellees request this court to determine that there is no reasonable cause for this appeal and, pursuant to Rule 10.05, W.R.A.P., tax a fee of $500 to appellees' counsel and additional interest to appellees. Rule 10.05, W.R.A.P., provides in pertinent part:

> " * * * Unless the court certifies that there was reasonable cause for the appeal, there shall also be taxed as part of the costs in the case, a reasonable fee * * not * * * more than five hundred dollars ($500.00), to the counsel of the appellee, and to the appellee damages * * * unless the judgment * * * was stayed, when in lieu of such penalty, it shall bear additional interest * * *."

Such tax was assessed by this court in *Perry v. Vaught*, Wyo., 624 P.2d 776, 783 (1981), where we said,

> " * * * In fact, we cannot see how the court could have arrived at any other conclusion."

In *Reno Livestock Corporation v. Sun Oil Company* (Delaware), Wyo., 638 P.2d 147, 155 (1981), we again awarded the penalty, reasoning:

> "The disposition made by the district judge was faultless on the basis of prevailing law; there was no room for dispute. We have strained to find any law favorable to appellant but could find none. The elastic quality of our credulity has been stretched beyond its limit. We hold there is no reasonable cause for appeal."

The instant appeal differs from these two cases in that it concerns a review of discretionary rulings. Because of the myriad situations in which abuse-of-discretion questions arise, the standards for review of discretionary exercise cannot readily be reduced to black-letter principles. Therefore, Chief Justice Rooney's remarks in his opinion concurring in part and dissenting in part in *Reno Livestock Corporation*, supra, 638 P.2d at 155–156, are especially pertinent to abuse-of-discretion cases:

> " * * * Even reasonable minds differ on relative matters. I do not want to discourage appeals. They should be available when an attorney believes he has a *potential* error, or when he has evaluated his chance for success to be of a low percentage but his client directs him to proceed nonetheless."

The judgment of the district court awarding substantial damages against appellants is affirmed and the appellees' request for fees and interest is denied.