Clyde W. SHARP, Jr., Appellant (Defendant),

v.

Venita E. SHARP, Appellee (Plaintiff).

No. 83-79.

Supreme Court of Wyoming.

Nov. 1, 1983.

Robert J. O'Neil of Thomas, O'Neil & Padget, Gillette, for appellant.

Paul J. Drew of Lubnau & Drew, Gillette, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

This is an action brought by Venita E. Sharp against her former husband, Clyde W. Sharp, Jr., to collect attorney's fees and unpaid child support which had accrued after the parties' divorce.

On February 25, 1983, the plaintiff-appellee filed a petition for order to show cause, the burden of which asked that the defendant-appellant appear and show cause why he should not be held in contempt for failing to comply with the child-support provisions of the divorce decree. On that same date a show-cause order was issued directing the appellant to appear on March 17, 1983 and show cause why he should not be held in contempt of court.

On March 17, 1983 a hearing on the appellee's petition was held, and the court found that the appellant had failed to pay child support as required by the divorce decree and entered judgment against him and in favor of the appellee in the sum of

$2,325. The court did not award the appellee attorney's fees or costs.

The issues raised are these:

1. May the appellant raise the issue of whether the trial court abused its discretion in denying appellant's motion to continue without providing a record of the motion on appeal?

2. Whether the trial court properly exercised its discretion in denying the appellant's motion to continue.

3. Whether the appellee sustained her burden of proof in the trial court.

## DECISION

We will affirm.

*Issue No. 1:*

May the appellant raise the issue of whether the trial court abused its discretion in denying appellant's motion to continue without providing a record of the motion on appeal?

The appellee urges that we should not consider the abuse-of-discretion issue since the appellant has not properly designated the record for appeal purposes and that it is appellant's burden to provide the record relevant to such issues as are to be reviewed in the appellate process. *Scherling v. Kilgore,* Wyo., 599 P.2d 1352 (1979). As authority for these propositions, appellee urges Rule 4.03, W.R.A.P.[1]

■ We agree that if the appellant makes no attempt to have the record settled, appeals based upon issues which would have been revealed by that record will not be considered. *Petersen v. State,* Wyo., 594 P.2d 978, 980 (1979); *Nix v. Chambers,* Wyo., 524 P.2d 589, 590 (1974); *Wydisco, Inc. v. McMahon,* Wyo., 520 P.2d 218 (1974).

■ This court will not consider whether there has been an abuse of discretion in

---

1. Rule 4.03, W.R.A.P. provides:

   "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objec-tions or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal."

denying a continuance where the issue is not raised in the court of first instance. *Holly Sugar Corporation v. Perez*, Wyo., 508 P.2d 595, 599 (1973).

■ In the case at bar, we find the record is sufficient to raise the question of abuse of discretion for this court's consideration. The transcript of the show-cause proceedings shows that the defendant Clyde Sharp, appearing pro se, complained to the judge that his motion for continuance should have been favorably considered, and the judge explained why the motion was overruled. The dialogue went like this:

"THE COURT: Well, Mr. Sharp, the reason that I did not give you a continuance of the hearing is because you've had 17 days to get an attorney and because—let me finish—because Mr. Drew made the representation that, as shortly as a week ago, you advised him that you weren't going to get an attorney. And then you show up the morning of the hearing wanting an attorney and wanting a continuance, and you could—let me finish, sir—and you could have come in at any time and not put everybody to the bother of showing up for the hearing if you had come in a lot earlier and said that you wanted an attorney, wanted a continuance. I can only conclude from that that your only purpose is delay.

"Now, you can say whatever you want. "THE DEFENDANT: Doesn't a person have a right to change his mind whether he wants an attorney or not? At any time or—

"THE COURT: As long as you don't inconvenience anybody else. But the problem, sir, is that you have inconvenienced a lot of other people when you come waltzing in at the last minute 15 minutes late for the hearing, and then decide that you want an attorney. And I'm not going to permit you to do that."

This explanation, which is contained in the transcript which, in turn, has been made a part of the record on appeal, is sufficient to raise the abuse-of-discretion issue.

*Issue No. 2:*

Whether the trial court properly exercised its discretion in denying the appellant's motion to continue.

■ Accepting as true the facts contained in the contents of the dialogue between the court and Mr. Sharp, we hold that the court did not abuse its discretion in denying the appellant a continuance.

Since this appeal was filed, this court, on September 14, 1983, decided *Bacon v. Carey Company*, Wyo., 669 P.2d 533 (1983). There we reiterated the rule that the granting of a continuance is within the trial court's discretion. *Armed Forces Cooperative Insuring Association v. Department of Insurance*, Wyo., 622 P.2d 1318, 1326 (1981); *Craver v. Craver*, Wyo., 601 P.2d 999, 1000 (1979); *Holly Sugar Corporation v. Perez*, supra; *Glover v. Berger*, 72 Wyo. 221, 263 P.2d 498, 507 (1953). See also: *Eldridge v. Rogers*, 40 Wyo. 89, 275 P. 101, 102 (1929).

■ A continuance will be granted only upon good cause [2] and a court will deny a continuance where the problem which gives rise to the request is the fault of the movant. We said as much in *Craver v. Craver*, supra, 601 P.2d at 1000, where it was held:

" * * * that the trial court may deny a continuance if the problem which gives rise to the request for a continuance is the fault of the party moving for the continuance."

In the case at bar the appellant had ample time to hire an attorney, which he did not do. Then, when he found himself faced with the show-cause hearing, he asked for a continuance, the purpose of which was delay. That was the court's finding, and we do not question it. Therefore, this case, like *Bacon v. Carey Company*, supra, is one where the request for continuance is made by the movant whose fault it was that the request was necessitated in the first instance. In these circumstances, it is not an abuse of discretion for the court to deny the motion for a continuance.

**2.** Rule 7, Uniform Rules for the District Courts  of the State of Wyoming.

*Issue No. 3:*

Whether the appellee sustained her burden of proof in the trial court.

■ This issue is bottomed in the concept that the appellee did not prove her allegations of fraud.

In this respect, the appellant's brief says: " * * * [T]he appellant alleges that the appellee did not meet the strong burden of proof required in this matter. The appellee has, essentially, accused the appellant of defrauding the Court by presenting receipts signed by her under coercion for child support that she never received. The appellant must prove fraud clearly."

The trouble with this proposition is that the appellee did not allege or undertake to prove fraud. She only alleged that the defendant-appellant was in arrears with respect to child-support payments. It was the defendant who alleged affirmatively that certain receipts showed that he had made the questioned payments; appellee simply denied that the money was paid in exchange for the receipt, and the judge believed her. The court said:

"With respect to the testimony, I believe the testimony of the plaintiff [appellee]. I do not believe the testimony of the defendant. As a matter of fact, I think the defendant lied. The reason I think that is because of his testimony regarding the $500 check. His testimony originally, as I recall it, was that the $500 check was given in October in exchange for the $500 receipt. Later, when it appeared he might be getting pinned down on that, he started hedging. I conclude that he willfully lied.

\* \* \* \* \* \*

"Consequently, I find that no money was paid on October 22d, and no money was paid on December 12th, contrary to the receipts, nor do I find any accord and satisfaction with respect to the $500 payment. The only payment that I find that was made was the October 23d payment of $500 on the property settlement and an additional $500 payment December 12th and a $175 payment early on and a $200 payment recently.

\* \* \* \* \* \*

"The plaintiff will have judgment against the defendant in the amount of $2,325.00 for child support."

Therefore, the appellant's various contentions to the effect that the appellee did not prove fraud under the requirements relevant thereto are simply irrelevant to the issue.

■ We need only address the question of whether or not the record contains sufficient proof to sustain the finding that the custody payments had not been made. In answer to this inquiry, we find that the record is sufficient for this purpose.

Affirmed.