Leonard **TOMASH and Marilyn Tomash, Appellants (Defendants),**

v.

**Max T. EVANS and Thomas M. Evans, Appellees (Plaintiffs).**

No. 85–13.

Supreme Court of Wyoming.

Aug. 15, 1985.

---

Ronald A. Kastanek, Casper, for appellants.

Michael D. Zwickl, Casper, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal concerns the propriety of a district court's refusal to grant a continuance when appellants Leonard and Marilyn Tomash were involved in another trial in another state and were unable to attend the Wyoming trial. The district court refused to grant a continuance and judgment was subsequently rendered against appellants.

We will reverse.

Appellants raise a number of issues, but we need only address their first issue regarding the refusal of the district court to grant a continuance. The issue is:

"Did the trial court err and/or abuse its discretion in denying appellants' motion for continuance?"

The action was commenced by appellees, as former business partners of appellants, seeking an accounting of the partnership funds, contribution for partnership debts, and damages for the alleged removal of certain partnership property. Appellants and appellees originally formed a partnership to conduct a helicopter crop spraying service. The business was unsuccessful, resulting in a default upon a promissory note owed by the partnership. Appellees filed their complaint on May 9, 1983. On October 1, 1984, the district court set the matter for trial on October 24, 1984.

The problem arose when appellants were scheduled to appear as plaintiffs in a trial in Iowa on October 22, 1984. Apparently, the Iowa trial was scheduled before the Wyoming trial, but appellants claim they did not know this until shortly before the Wyoming trial.

Appellants claim they believed they could attend the Iowa trial set for October 22, 1984, some two days before the Wyoming trial, and still attend the Wyoming trial on October 24, 1984. On October 19, 1984, appellants' Iowa attorneys notified appellants' Wyoming counsel that the Iowa trial could not be postponed, but they anticipa-

ted appellants would be finished in Iowa around noon on October 23, one day before the Wyoming trial. However, on October 23, appellants' Iowa attorneys informed appellants' Wyoming counsel that appellants were still on the witness stand and would not be finished until around noon on October 24. This then made it impossible for appellants to attend the scheduled commencement of the Wyoming trial.

Therefore, appellants' Wyoming counsel informed the district court of the problem on October 23, 1984, and requested a continuance. Appellants were unable to support their motion for continuance with formal affidavits pursuant to § 1–9–101, W.S. 1977,[1] because they were in Iowa at the time. Appellants' Wyoming counsel did appear on their behalf at the scheduled trial the next day and explained to the court why appellants could not be present. Another motion for continuance was made. The trial court did postpone the commencement of the trial from 9:00 a.m. until 2:30 p.m. on October 24. The court ultimately denied appellants' motion for a further continuance and proceeded to hold the trial in appellants' absence. As noted previously, the court subsequently rendered judgment against appellants. Appellants' counsel was limited in his representation of appellants' case due to their absence. He was unable to introduce any evidence by way of exhibits or witnesses.

 The granting or refusing a request for a continuance is generally a matter within the sound discretion of the trial court to be considered given the circumstances unique to each case. *Holly Sugar Corporation v. Perez*, Wyo., 508 P.2d 595 (1973); and *Glover v. Berger*, 72 Wyo. 221, 263 P.2d 498 (1953). A trial court is authorized by statute to grant a continuance when good cause for doing so is shown:

"Any court, for good cause shown may continue any action at any stage of the proceedings at the cost of the applicant, to be paid as the court shall direct." § 1–9–102, W.S.1977.

On the other hand, a trial court may not grant a continuance based upon the mere whim, request or convenience of counsel in the absence of substantial factual or legal reason for doing so. *Hays v. State*, Wyo., 522 P.2d 1004 (1974).

In *Eldridge v. Rogers*, 40 Wyo. 89, 275 P. 101 (1929), we upheld the district court's denial of a motion for continuance when the defendant in that case was in Iowa on business. The court found that the defendant had sufficient notice of the trial but chose to be absent on a business trip. We noted in that case that there had been no showing that the defendant could not return from Iowa in time for trial and had not shown sufficient reason for a continuance. See also *Chapman v. First National Bank of Cody*, 26 Wyo. 138, 181 P. 360, reh. denied, 26 Wyo. 138, 182 P. 91 (1919),

---

1. Section 1–9–101, W.S.1977, provides:

"(a) A motion to postpone the trial of a case because of the lack of evidence shall be supported by affidavit showing:

"(i) The materiality of the evidence expected to be obtained;

"(ii) That due diligence has been used to obtain the evidence; and

"(iii) Where it is expected the evidence may be found.

"(b) If the postponement is because of an absent witness, the affidavit shall also state:

"(i) Where the witness resides, if known;

"(ii) The probability of procuring the testimony within a reasonable time;

"(iii) That absence of the witness was not procured by the act or connivance of the party seeking the postponement, nor by others at his request or with his knowledge or consent;

"(iv) The facts the witness is expected to prove and that affiant believes the facts as stated to be true; and

"(v) Such facts cannot be proven by any other witness whose testimony can be as readily procured.

"(c) If the adverse party consents that, on the trial, the facts stated in the affidavit will be taken as true, if the evidence is written or documentary, or in case of an absent witness that the witness will testify to the facts stated in the affidavit as true, the trial shall not be postponed for that cause. The party against whom the evidence is offered may impeach the evidence of an absent witness the same as when the witness is present or his deposition is used."

where a district court's denial of a motion for continuance in a criminal case was upheld on the grounds of absence of a witness residing in another state where the defendant chose to rely on the witness' promise to attend and did not secure such testimony through deposition or his attendance by legal process.

 We think the facts and circumstances in the present case, however, justify a continuance. As previously noted, appellants planned to attend the Wyoming trial, but due to what appears to be an unforeseeable delay, they were on the witness stand in Iowa longer than planned forcing their absence at the Wyoming trial. Under these circumstances, we think a continuance should have been granted by the trial court. If the appellees and court personnel were inconvenienced by the delay, assessing costs to appellants may have been more appropriate than denying them the right to defend their action in court.

A similar situation arose in the Oklahoma case of *Peck v. Peard,* 183 Okla. 195, 80 P.2d 614 (1938). In that case, the defendant was unable to be present at his Oklahoma trial due to litigation in California which required his presence. The trial court refused to grant a continuance. On appeal, the Supreme Court of Oklahoma reversed, finding defendant showed good cause justifying a continuance due to his absence.

"In determining whether the trial court abused its discretion there are two considerations. First, did the defendant give a sufficient reason for not being present at the trial? and, second, assuming that he did, was his presence as a party necessary?

\* \* \* \* \* \*

"Neither party has referred to any cases from this jurisdiction, nor can we find any, which deal with the party's participation in another action as a ground for continuance. However in 12 Am.Jur. p. 457, § 14 the rule is stated that 'a party in two court proceedings in different places is bound by the first notice of trial and the requirement of his presence at

the trial affords a ground for a continuance of the other proceeding.' We think this rule applicable here, and therefore, insofar as the order denying the continuance was based upon defendant Beck's reason for his inability to be present, it would constitute an abuse of discretion." Id. 80 P.2d at 615–616.

The Oklahoma statute, similar to our § 1–9–101, also required that a continuance based on a lack of evidence or an absent witness to file affidavits in support thereof should show why such evidence is material, et cetera. The plaintiffs in the Beck case alleged the affidavit filed by defendant in support of his motion for continuance, which was filed the same day as the scheduled trial, was defective in that the defendant did not allege why his presence was necessary. The court answered such argument by stating:

"But, as we have already pointed out, the application for continuance was not predicated on the ground of the absence of defendant Beck as a material witness, but rather it was based upon his absence as a party. Therefore it was not necessary to state in the affidavit that defendant was a material witness nor to set out his proposed testimony. \* \* \* On the other hand, in *Borman v. Geib,* 1923, 94 Okl. 270, 221 P. 1006, in holding that the trial court erred in denying a continuance requested by a party to the action, even though his affidavit was read as a deposition, the court said (page 1007): 'A party to the litigation is entitled to be present to assist in the conduct of the cause. Counsel is entitled to have his client present for many considerations which need not be detailed here, but which are familiar to all courts and legal practitioners.' \* \* \* " Id. 80 P.2d at 616.

The same principles are applicable here. Although appellants were unable to file affidavits in support of their motion for continuance, their presence as parties to the trial was completely essential to the proper presentation of their case. Without their presence, appellants' attorney was un-

able to present any evidence on their behalf.

We find the trial court abused its discretion in refusing to grant a continuance in this case when appellants were involved in another case in another state and unable to attend the trial.

Reversed.