Donald Lee SMITH,
Appellant (Plaintiff),

v.

Barbara Rae SMITH, Appellee
(Defendant).

No. 85–20.

Supreme Court of Wyoming.

Aug. 21, 1985.

---

Louis A. Mankus, Cheyenne, for appellant.

Richard Wolf, Cheyenne, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

In a divorce action initiated by appellant, the trial court granted appellant a divorce and awarded appellee the family home and $800 a month alimony and child support.

In his appeal, appellant raises the following issues:

"I

"Whether the trial court erred and abused its discretion in an inequitable distribution of the parties' assets and liabilities and in its awarding rehabilitative alimony which increases proportionate to the amount that child support decreases.

"II

"Did the trial court err when it denied appellant's motion for a continuance after allowing appellee to amend her pleadings nine days before trial?"

We will affirm.

Appellant filed an action for divorce on September 24, 1984, and the complaint was answered by appellee on October 11, 1984. A counterclaim was filed for divorce on November 7, 1984, by appellee, and appellant replied to the counterclaim November 9, 1984. A motion for a continuance was hand delivered to appellee's attorney on November 16, 1984, the day the matter had been set for trial. The matter was tried according to schedule after the motion for continuance was denied.

The divorce decree awarded appellee custody of the parties' three minor children and $200 a month support for each child. The family residence was awarded to appellee. Numerous items of personal property were divided between the parties.

The decree of divorce further provided:
"The plaintiff [appellant] is hereby ordered to pay to defendant [appellee] alimony as follows: Beginning on December 5, 1984, plaintiff will pay the defendant the sum of $200.00 per month alimony: This money will be paid on the 5th day of each and every month thereafter until the support obligation of Travis William pursuant to this decree ceases. (Travis William Smith reaches age 19 on July 30, 1993.) At that time the alimony will be increased to $400.00 per month

and will be paid the 5th day of each month thereafter until the support obligation for Karla Rae pursuant to this decree ceases. (Karla Rae Smith reaches age 19 on February 12, 1996.) At that time the alimony will be increased to $600.00 per month payable on the 5th day of each month and shall be paid until the support obligation for Paul [Paula] Irene ceases. (Paula Irene Smith reaches age 19 on September 12, 1998.) At that time the alimony will be the sum of $800.00 per month and will be paid each and every month through December 1998. The alimony will cease upon the marriage of the defendant or any live-in arrangement. The alimony shall constitute a lien on plaintiff's estate in the event he dies before December, 1998. * * * "

During the first ten months of 1984, appellant's net income averaged almost $2,000 per month. During the marriage of the parties, appellee occasionally had part-time work as a bookkeeper-secretary or teacher's aid. Her hourly rate of pay for these jobs was slightly less than five dollars per hour. At the time of the divorce, appellee was trying to get a job as a teacher's aid. She was married at 18 years of age, has not been to college or had any other training. Appellee's evidence showed that she needed $1,180 per month for her and her three minor children to live on, provided she received the family home as a residence. The home was valued between $69,500 and $74,800.

Numerous items of personal property were awarded each party. There was no meaningful evidence regarding the value of those items of personal property.

## I

In divorce actions we have stated our standard of review on numerous occasions. In *Grosskopf v. Grosskopf*, Wyo., 677 P.2d 814, 823 (1984), we said:

"The trial court exercises a broad discretion in adjusting the rights and obligations of parties upon the dissolution of their marriage. We will not disturb the decision of the lower court unless we can say that that discretion was abused, that the result was clearly unjust and inequitable. * * * "

In *Bacon v. Carey Company*, Wyo., 669 P.2d 533, 534 (1983), this court said:

"At trial, those matters that are left to the sound discretion of the trial court will not be upset on appeal absent a demonstrated abuse of discretion. The standard for determining whether the trial judge has abused his discretion is set out in *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980):

" 'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Eager v. Derowitsch*, 68 Wyo. 251, 232 P.2d 713 (1951); *Anderson v. Englehart*, 18 Wyo. 409, 108 P. 977 (1910) * * *.' "

In Grosskopf the wife was denied alimony. However, in that case Mrs. Grosskopf was a college graduate, had been employed as a teacher, was capable of functioning in the job market, and had received a substantial cash payment in the divorce proceedings.

The court's provision for alimony is most peculiar. While alimony may be substantial initially (particularly rehabilitative alimony), alimony ordinarily decreases with the passage of a few years. Here the court did just the opposite. Affirming the trial court is not to say that we would have done the same thing if we were the trier of fact. If the decree had provided for $500 per month alimony and $100 per month support for each child with a future provision that alimony gradually decrease and child support increase, this would be a more normal decree. The alimony would decrease or cease when the wife's vocation-

al skills and rehabilitation neared completion and the child support would increase as the children's needs increase. The result is the same. The amount of money is substantially the same. Child support, alimony, division of property and other financial matters must be considered together in making a just and equitable disposition of family assets. *Klatt v. Klatt*, Wyo., 654 P.2d 733 (1982). It is only when the provisions of alimony and other financial matters are considered separately that the decree appears unusual.

In support of his position, appellant cites *Morgan v. Morgan*, 52 A.D.2d 804, 383 N.Y.S.2d 343 (N.Y.Sup.Ct.1976). In this divorce action, the wife was awarded enough alimony and support so that she could attend medical school and not have to support herself in school. The trial court held that under these circumstances, with the wife's need to apply all her time to her studies and with her husband's ability to pay, he should pay sufficient alimony support so that she would not have to work. On appeal, this provision of the decree was reversed. The court determined that since the wife had the capacity to earn $10,000 per year as a secretary, this amount should be deducted from the amount the husband would otherwise have to pay.

There is not much comfort in the Morgan case for appellant. There, the wife had the ability to earn $10,000 a year, which is not the case here. Furthermore, the alimony adjustment of $25 a week reduction was not significant.

Here, appellee receives $800 per month and a house to live in. After appellant pays child support and alimony, he has substantially the same amount to live on as his ex-wife and three children. With this obligation, appellant may not be able to go to the Yukon hunting and spend $4,800 as he did in 1980.

Appellant complains that appellee received a disproportionate amount of the family property. Appellee did receive the family residence, which has substantial value. Logically, appellee, with custody of three minor children, had greater need for the house than did appellant. If she had not received the house, $800 a month support and alimony would likely have been insufficient and some upward adjustment may have been required. We cannot tell who received the advantage in the division of personal property. Very little competent evidence was produced as to value.

Appellant complains that his wife and three children are getting the advantage of this divorce. It could be said, "That is the high cost of leaving." Appellant must remember he wanted the divorce and appellee did not. True, appellee filed a perfunctory cross-claim for divorce when it appeared divorce was inevitable, but divorce was granted to appellant.

■ Another trier of fact may have distributed the assets of the marriage in a different way. However, we will not disturb the disposition made by the trial court here so long as its determination is not totally unreasonable, and we find the disposition made by the trial court did not exceed the bounds of reason. *Martinez v. State*, Wyo., 611 P.2d 831 (1980).

## II

Appellant's motion for a continuance was hand delivered to appellee's attorney the day of trial, November 16, 1984. Appellant alleges that the court abused its discretion in denying the motion because in appellee's counterclaim, filed nine days before trial, new issues were injected into the case. According to appellant, the new issues were: 1) appellee's request for divorce, and 2) appellee's request for alimony and certain property.

Appellee, in her counterclaim, made a perfunctory claim for divorce alleging, as did appellant, irreconcilable differences. Appellant took appellee's deposition before trial. If he was interested in specifics regarding grounds for divorce he had ample opportunity to find out when the deposition was taken. In any event, the divorce was granted on appellant's complaint, not the counterclaim. The issue of alimony and division of property was raised by appellee

in her answer to the complaint filed about five weeks before trial. Appellee's counterclaim for divorce did not raise any new issues.

■ In *Tomash v. Evans*, 704 P.2d 1296 (Wyo.1985), we said that granting or refusing a request for a continuance is generally within the sound discretion of the trial court, and is considered according to the circumstances unique to the case. *Bacon v. Carey Company*, supra; *Sims v. State*, Wyo., 530 P.2d 1176 (1975); *Holly Sugar Corporation v. Perez*, Wyo., 508 P.2d 595 (1973); *Glover v. Berger*, 72 Wyo. 221, 263 P.2d 498 (1953). A trial court is authorized by statute to grant a continuance when good cause for doing so is shown:

> "Any court, for good cause shown may continue an action at any stage of the proceedings at the cost of the applicant, to be paid as the court shall direct." § 1–9–102, W.S.1977.

On the other hand, a trial court may not properly grant a continuance based upon the mere whim, request or convenience of counsel in the absence of substantial factual or legal reason for doing so. *Hays v. State*, Wyo., 522 P.2d 1004 (1974).

■ The court did not abuse its discretion in denying a continuance. Appellant's second assignment of error is without merit.

Affirmed.