Richard E. SHANOR, Appellant (Defendant),

v.

ENGINEERING, INC. OF WYOMING, Appellee (Plaintiff).

No. 85–33.

Supreme Court of Wyoming.

Sept. 11, 1985.

Henry F. Bailey, Jr., and Todd S. Welch of Loomis, Lazear, Wilson & Pickett, Cheyenne, for appellant.

Virgil G. Kinnaird, Sheridan, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal arises from a judgment in favor of appellee Engineering, Inc. of Wyoming in an action by appellee to collect on a promissory note owed by appellant Shanor. After the trial court denied appellant's motion for a continuance, trial was had to the court resulting in a judgment for appellee.

Appellant raises the following issues:

"1. Whether the court's judgment entered herein is clearly erroneous and unsupported by the evidence offered and received at trial.

"2. Whether the court erred in denying defendant's motion for continuance."

We will affirm.

The case arose out of the design and construction of a dam to build Horseshoe Reservoir on a residential subdivision known as the Country Club of the Big Horns on property belonging to appellant near Dayton, Wyoming. Appellee prepared maps, topographic surveys, and made application to the state engineer for a permit to build the reservoir. As compensation for such work, appellant signed a promissory note on September 22, 1983, for $60,860.07, together with interest at the annual rate of 15 percent. When appellant failed to make any payments on the note, appellee filed suit on June 26, 1984. Appellant answered pro se.

Appellant admitted partial liability on the note, but counterclaimed, alleging that the amount owed should be offset by damages resulting from appellee's negligence in failing to properly supervise the construction of the dam and reservoir. The matter was set for trial before the court to be held on December 18, 1984.

On November 29, 1984, appellant, having retained counsel, filed a motion for continuance. The motion was denied and trial was held as scheduled. Since appellant admitted partial liability on the note, the only matter to be tried was appellant's counterclaim against appellee in which he alleged negligence in appellee's supervision of the construction of the dam and reservoir. The court found for appellee on appellant's counterclaim and rendered judgment, finding:

"1. That Plaintiff [EIW] is entitled to Judgment against Defendant on Defendant's Counterclaim, and that the Horseshoe Reservoir was not improperly designed and constructed, the Horseshoe Dam does not leak, there was no negligence in designing or contructing the dam and reservoir, and the location of the reservoir basin was not unsuitable.

"2. That the Defendant has admitted owing to Plaintiff the sum of $60,860.07 together with interest at the rate of 15%

per annum, and Defendant admits execution of the Promissory Note upon which the debt is based, having executed said Promissory Note and delivered it to Plaintiff on the 22nd day of September, 1983, and that Plaintiff is entitled to Judgment thereon.

"3. That the Plaintiff is entitled to Judgment against Defendant on the Promissory Note executed on September 22, 1983 and delivered to Plaintiff by Defendant for $60,860.07 together with interest at 15% per annum from September 22, 1983 to December 19, 1984 for the total sum of $72,165.04 and interest at the legal rate from the date hereof until satisfied.

"IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED, that:

"1. The Plaintiff shall have Judgment against the Defendant on Defendant's Counterclaim and Defendant shall take nothing on the Counterclaim.

"2. The Plaintiff shall have Judgment against the Defendant in the amount of $72,165.04, representing principal and interest upon the Promissory Note admitted by Defendant and merged with this Judgment, together with interest thereon at the legal rate from the date hereof until satisfied."

I

In appellant's first issue, he asks whether the court's judgment is clearly erroneous and unsupported by the evidence produced at trial. We have oft stated our applicable standards of review. On appeal, we accept the evidence of the prevailing party as true, leaving out entirely the consideration of evidence presented by the unsuccessful party in conflict therewith, giving every favorable inference which may fairly and reasonably be drawn from the evidence of the prevailing party. *Matter of Abas*, Wyo., 701 P.2d 1153 (1985); *Stockton v. Sowerwine*, Wyo., 690 P.2d 1202 (1984); *City of Rock Springs v. Police Protection Association*, Wyo., 610 P.2d 975 (1980). The trial court's findings of fact are presumed to be correct, and we will not disturb those findings unless inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. *Doenz v. Garber*, Wyo., 665 P.2d 932 (1983); and *Seeley v. Estate of Seeley*, Wyo., 627 P.2d 1357 (1981).

When those principles are applied to this case, we find there was ample evidence presented by appellee, as the prevailing party, which supports the district court's decision. While the evidence shows that appellee worked for appellant by preparing maps and topographic surveys and making application to the state engineer for a reservoir construction permit, it is clear that appellee did none of the actual construction work on the dam and reservoir. Nor did appellee supervise such construction. Appellant contracted with a third-party to build the dam and reservoir. This was done without consulting appellee. Appellee then performed compaction tests on the fill material used to build the dam. Nothing unusual was noted from the results of such tests, nor did appellant allege improper compaction testing by appellee.

When water began surfacing below the dam, appellant claimed the dam was leaking. However, again viewing the evidence in the light most favorable to appellee as the prevailing party, there is no compelling evidence which proves the water appeared as a result of a leak in the dam. The water which surfaced was clear, containing no particulates as would likely be the case if the water were coming from the dam. The water did not appear until topsoil was removed extensively during construction of a golf course. Even if appellant were successful in proving with compelling evidence that the dam leaked, it would still be difficult to find any negligence on the part of appellee as causing such leak when appellee was not in charge of the supervision or construction of such dam. Appellant's own supervisor, Francis Smith, testified that he, not appellee, was in charge of construction supervision.

Therefore, considering the overwhelming evidence in favor of the appellee, we con-

clude, as did the trial court, that there is no persuasive evidence to support appellant's counterclaim that appellee was negligent in any way. We find no error in the court's factual determination and are therefore obliged to uphold it.

## II

In appellant's second issue, he claims the trial court erred in denying appellant's motion for continuance. Appellant based such motion on the following grounds:

"1. Defendant is unable without representation of counsel to adequately and completely protect his rights in the above captioned case.

"2. Defendant contacted Henry F. Bailey, Jr. on November 21, 1984, for purposes of representation, however, counsel has not yet had an opportunity to review pleadings on file or documents pertaining to the case, nor has counsel had an opportunity to contact witnesses in the case.

"3. In order to fully protect Defendant's rights and to adequately prepare for trial, counsel for Defendant needs additional time to prepare for trial and would request the Court's indulgence in granting such additional time."

As the motion indicates, appellant moved for a continuance claiming he needed more time to prepare for trial. However, the trial date (December 18, 1984) was set on October 12, 1984. And as noted above, appellant did not contact his trial counsel until November 21, 1984. Appellant waited over a month after the trial date was set to obtain trial counsel.

The granting of a continuance is a matter within the sound discretion of the trial court to be considered given the circumstances unique to each case. *Tomash v. Evans,* 704 P.2d 1296 No. 85-13, slip. op. (Wyo., 1985); and *Bacon v. Carey Company,* Wyo., 669 P.2d 533 (1983). A party moving for a continuance must show good cause for doing so. § 1-9-102, W.S.1977. However, a trial court may not grant a continuance based on the mere whim, request or convenience of counsel without substantial factual or legal reason for doing so. *Tomash v. Evans,* supra; and *Hays v. State,* Wyo., 522 P.2d 1004 (1974).

In this case, it is unfortunate that appellant did not contact his counsel sooner; nevertheless, a continuance is not to be granted based upon the mere inconvenience of counsel. Appellant's dilatory tactics ought not be rewarded. We find no error in the trial court's denial of appellant's motion for continuance.

Affirmed.