Clifford Brett **INSKEEP**,
Appellant (Defendant),

v.

Andrea Rene **INSKEEP**,
Appellee (Plaintiff).

No. 87–224.

Supreme Court of Wyoming.

April 7, 1988.

David A. Hampton, Rock Springs, for appellant (defendant).

Harley J. McKinney of Pickett & McKinney, Rock Springs, for appellee (plaintiff).

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

In the course of divorce proceedings, appellant served discovery requests upon appellee. Appellee did not respond. On the eve of the divorce hearing, appellant filed a motion to compel discovery and a motion for continuance. The motions were denied, and appellee was granted a divorce with attendant property settlement and child custody and support provisions. Upon appeal, appellant presents two issues: (1) whether the trial court abused its discretion in denying appellant's motion to compel discovery; and (2) whether the trial court abused its discretion in denying appellant's motion for continuance. We affirm.

The parties married in 1982 and the union produced two children. In September 1986, the parties separated when appellant moved out of the family residence. Appellee filed a complaint on September 24, 1986, seeking divorce, custody of the children, child support, exclusive occupancy of the parties' residence, and an allocation of the marital property and debts. On October 16, 1986, appellant filed an answer and a counterclaim requesting custody of the children and an equitable property division.

On December 4, 1986, appellee filed a motion for trial setting. An accompanying pretrial memorandum asserted an inability of the parties to negotiate a settlement and proposed a plan of child custody and support and for division of property and debts. No further action of record appears until April 16, 1987, when appellant filed and served upon appellee a discovery request designated as "Combined Interrogatories and Request for Production." The interrogatories and requests for documents primarily concerned marital property, and they were lengthy and exhaustive in relation to the rather modest assets of the parties. Appellee did not respond to the request for discovery.

On May 1, 1987, appellee again filed a motion for trial setting with an additional attached pretrial memorandum with proposals for custody, support and property apportionment similar to the earlier memorandum. The district court issued an order setting trial for May 22, 1987. For reasons not disclosed in the record, trial was not held on that date. On July 13, 1987, appellee filed another motion for hearing, and an order from the district court issued on the same date setting trial for July 29, 1987.

On July 28, 1987, appellant filed a motion to compel discovery and a motion for a continuance. The motions had been served on appellee on July 24. The motion for continuance was based on appellee's failure to respond to discovery and the fact that appellant had taken temporary out-of-state employment precluding his attendance at trial. Appellee filed a response to the motions asserting, inter alia, that the discovery sought was specious in that the information was well known to appellant and that appellant was merely attempting to delay the proceedings.

Trial was held on July 29, 1987, with appellant not in attendance but represented by counsel. Appellant's motions were orally denied just prior to trial. A divorce decree was issued and filed on July 30, 1987, granting appellee an absolute divorce, providing for joint custody of the children with primary and physical custody residing in appellee, and dividing the marital property. A formal order denying appellant's pretrial motions was filed on August 10, 1987. This appeal followed.

Appellant first contends that the district court abused its discretion in denying his motion to compel discovery pursuant to Rule 37(a)(2), W.R.C.P., which provides:

"If a deponent fails to answer a question propounded or submitted under Rule 30 or 31, * * * or * * * fails to answer an interrogatory submitted under Rule 33, or * * * in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted * * *, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request."

Appellant sought to compel a response to his combined interrogatories and request for production of documents served on appellee in accordance with Rules 33 and 34, W.R.C.P.

We have said that the decision whether to require answers to interrogatories lies within the broad discretion of the district court. *Mauch v. Stanley Structures, Inc.,* Wyo., 641 P.2d 1247 (1982), citing 8 Wright and Miller, Federal Practice and Procedure: Civil § 2176. Wright and Miller, in further commenting on Rule 33, F.R.C.P., which is identical to Rule 33, W.R.C.P., also state:

"Ordinarily the exercise of discretion by the trial court will be sustained by the appellate court. Only if the trial court abuses its discretion to the prejudice of a party will the appellate court interfere." (Footnotes omitted.) 8 Wright and Miller, supra, § 2176, p. 558.

Similarly, with respect to Rule 34, F.R.C.P., also identical to Rule 34 W.R.C.P., "the appellate court will not interfere with the exercise of discretion by the trial court in the absence of a showing of prejudicial error from an abuse of discretion." (Footnotes omitted.) 8 Wright and Miller, supra, § 2215, p. 653.

This court has defined abuse of discretion in this manner:

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ulti-

mate issue is whether or not the court could reasonably conclude as it did." *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

■ The district court's reasons for denying appellant's motion to compel are not disclosed in the record. Nevertheless, under the circumstances of this case as revealed in the record, we cannot conclude that such denial constituted an abuse of discretion. Appellant's discovery request was served upon appellee nearly seven months after commencement of this action and over four months after appellee's first motion for trial setting. Additionally, under both Rules 33 and 34, W.R.C.P., appellant could have sought a motion to compel the discovery thirty days after submission of the request. Appellant, however, waited over three months, until the day before trial, to file his motion. In the interval, two further motions for trial had been filed by appellee, and a trial date had been set twice.

It is also clear, as appellee contends, that appellant was seeking, through discovery, information already known to him. The extent of the limited marital property was well known to each party and had been discussed in settlement negotiations. The proposed property division and child custody and support provisions as outlined in appellee's two pretrial memoranda, both of which had been served on appellant, were substantially similar to the eventual corresponding provisions in the divorce decree. Both parties were intimately familiar with the facts and issues of the case.

Given the nature of the requested discovery, unquestionably the better practice for appellee would have been either to serve objections to the discovery requests pursuant to Rules 33 and 34, W.R.C.P., or to have sought a protective order pursuant to Rule 26(c), W.R.C.P., which provides:

"Upon motion by a party * * * the court * * * may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *."

Also, under Rule 37(a)(2), W.R.C.P., when a district court denies a motion to compel

discovery, it may enter a protective order pursuant to a motion under Rule 26(c). In this case, there was no need to grant a protective order because trial was at hand.

Although appellant had a right to discovery, the untimely assertion of that right and the ingenuine nature of the discovery sought could reasonably lead the trial court to conclude that appellant only sought to delay the proceedings. Furthermore, since appellant already knew the information sought by discovery, he was not prejudiced by the denial of his motion to compel. The district court did not abuse its discretion in denying appellant's motion to compel discovery.

In his second issue, appellant similarly argues that the denial of his motion for continuance constituted an abuse of discretion. We cannot agree. Appellant's motion for continuance and accompanying affidavit of counsel, filed the day before trial, listed two grounds for a continuance: that appellee had failed to respond to the discovery request, and that appellant would be unavailable to testify at the scheduled hearing because he had obtained out-of-state employment. The motion and affidavit stated that appellant had recently found temporary employment in California at good wages, that such employment was expected to last through August 28, and that appellant would likely lose his job if he returned to Wyoming to attend the divorce hearing.

■ We have consistently held that the granting or denying of a continuance is within the sound discretion of the trial court and is considered according to the circumstances unique to the case. *Shanor v. Engineering, Inc. of Wyoming*, Wyo., 705 P.2d 858 (1985); *Smith v. Smith*, Wyo., 704 P.2d 1319 (1985). Under § 1-9-102, W.S.1977, a court may grant a continuance "for good cause shown." Alternatively, a continuance may not properly be granted based upon the mere whim, request or convenience of counsel, and absent a substantial factual or legal reason for doing so. *Smith v. Smith*, supra; *Tomash v. Evans*, Wyo., 704 P.2d 1296 (1985). We have additionally held that a continuance may be

denied by the trial court if the need for the continuance is caused by the movant. *Carlson v. BMW Industrial Service, Inc.*, Wyo., 744 P.2d 1383 (1987).

■ As with the motion to compel, the reasons for denying the motion for continuance are not disclosed in the record. We are persuaded, however, that, under the circumstances of the case, the district court could reasonably conclude that a continuance was not warranted. With respect to the failure to respond to discovery, the district court could have reasonably determined, as appellee asserted, that the requested discovery was specious, unnecessary, untimely, and, in effect, a stalling tactic. Regarding appellant's unavailability to attend trial, the district court could observe that appellant voluntarily accepted out-of-state employment, thereby creating the asserted need for a continuance.

Appellant was aware that appellee was actively attempting to have the matter set for trial. Appellee had filed a second motion for setting on May 1, 1987, resulting in a May 22, 1987 hearing date. For reasons not revealed in the record, trial was not had on that date. Appellee, however, filed a third motion for setting on July 13, 1987, and an order was entered on that date setting trial for July 29, 1987. Appellant had absented himself from the state, apparently in early July, and appellant's counsel then waited until the day before trial to file a motion for continuance. Similar circumstances were presented to this court in *Eldridge v. Rogers*, 40 Wyo. 89, 275 P. 101 (1929). In that case, counsel for a civil defendant sought a continuance on the ground that his client was out of state on business and could not attend trial. We upheld the trial court's discretionary denial of a continuance, observing that there was no showing that the defendant could not return in time for trial, or that he would return in a reasonable time, or that he did not know when he left that the case had already been set for trial. The same rationale is applicable to the facts of this case. We have also said, in upholding the denial of a continuance, that a party's dilatory tactics should not be rewarded. *Shanor v.*

*Engineering, Inc. of Wyoming,* supra. Under the circumstances, we find no error in the denial of appellant's motion for continuance.

Affirmed.

URBIGKIT, Justice, concurring.

I concur in the court's opinion.

Further comment is only made to define not only as failing in good practice, but as inexcusable to either not answer interrogatories or to file an objection or motion for a protective order. The spirit of Rule 11, W.R.C.P. in negative fashion should not be so casually ignored as is now frequently encountered where the discovery respondent anticipates a free ride until enforcement is impressed under Rule 37, W.R.C.P. In such cases, the so-called free ride should be accompanied by attorney's fees and reasonable expenses under Rule 37(a)(4), W.R.C.P., for real, not figurative, compensation as a charged fare for the delays and costs incurred. *It is inexcusable to systematically fail either to answer or to object* to submitted interrogatories.

Similarly objectionable in my opinion is any pro-forma submission of written interrogatories, such as in this divorce case, where the information should be equally known to each litigant and the request is motivated by something other than the acquisition of information for trial preparation. In this regard, Rule 11 relief to respondent, who is forced to either inanely answer or regularly object, should not be ignored.

To serve the expeditious and inexpensive completion of litigation, interrogatories should be thoughtfully prepared and promptly controverted or answered. Anything else subverts the delivery of justice process.